By the Court.
Where special acts of incorporation prescribe a particular mode of ascertaining damages for lands taken for these quasi public works, that mode is not affected by the general act of 1850 for the incorporation of railroads by voluntary asso *691 ciation, which subjects all existing railroad companies to its provisions, where not inconsistent with those contained in their charters.
As to the principal questions discussed :
1. The company had an undoubted right, under the fifth section of its charter, to change and alter the line of their roadway, if the directors deemed it might be thereby improved, so as to take different land of the same owner, or a part of the same land that they had previously designated on their filed map.
2. ¡Neither the company have any vested or indefeasible right or title to the land mapped and sought to be taken, nor the owner any such right or title to the compensation therefor ascertained by the commissioners, until their report is filed and confirmed, and the order of the court made for the payment of the amount. Until then, the proceeding is incomplete, and it may be set aside or abandoned. If there be needless delay in the application to confirm the report, the owner can move the court on the subject. And if the proceeding be relinquished, the court, we think, has the power to indemnify the land owner in respect of his expenses.
We will, therefore, make an order appointing commissioners, on the company’s paying to these owners their expenses for witnesses and counsel on the former appraisement. We shall appoint the same commissioners that acted before, there being no allegation against the fitness of either of them.
Order accordingly.