MATTER OF WASHINGTON PARK V. BARNES *et al.*

*Eminent domain— commission to acquire title— right to discontinue.*

The board of commissioners of Washington park, in Albany, were authorized to acquire title to lands under the provisions of the general railroad law. In pursuance of their authority they took proceedings to condemn certain lands to the use of the park, and commissioners of appraisal were appointed who made awards of compensation to the land owners.

*Held,* that, until the awards were confirmed, the party seeking to acquire lands might discontinue further proceedings and abandon the attempt to acquire title, and that the board of commissioners of Washington park could alone ask for confirmation.

APPEAL from an order of the special term denying to the board of commissioners of Washington park leave to discontinue and abandon proceedings to condemn land for park uses after the damages had been assessed, but before the report of the commissioners for assessment of damages had been confirmed.

The board of commissioners of the Washington park, in the city of Albany, was organized in pursuance of chapter 582, Laws of 1869, and the acts amendatory thereto. By Laws 1872, chapter 45, such board was authorized to acquire title to lands to be taken for the purpose of a public park, in the city of Albany, under the provisions contained in §§ 14, 15, 16, 17, 18, 19, 20, 21 and 26 of what is known as the general railroad laws. (Laws 1850, chap. 140 ; 1851, chap. 19; 1854, chap. 282; 1864, chap. 582; 1869, chap. 237.)

Pursuant to such authority, in May, 1873, the park commissioners made application for the appointment of commissioners of appraisal, who were thereupon appointed, and proceeded to appraise the compensation to be paid the owners of the lands proposed to be taken After several hearings in the matter the awards to be made for the different parcels were announced, but before a report was made, and further proceedings had by the commissioners of appraisal, a motion was made at the special term, by the park commissioners, to discontinue and abandon the proceedings. This motion was opposed by William Barnes, Anne Hussey, Thomas B. Morrow and others, owners of the parcels of land appraised, and upon which awards had been made. At the special term the motion to discontinue was denied, from which decision and the order thereon the board of commissioners appealed.

*S. W. Rosendale* and *R. W. Peckham,* for appellants.

*Wm. Barnes, A. Bingham* and *T. D. Morrow,* for respondents.

Per CURIAM. The case of *Albany & Susq. R. R. Co.* v. *McClosky* seems directly in point, and would doubtless have controlled the decision of the court below in favor of the moving party, had the opinion of the lamented Judge PECKHAM (which has never been published) been there presented.*

---

* NOTE.—The following is the case referred to, and which was decided at the Albany general term in December, 1869:

MATTER OF ALBANY & SUSQUEHANNA RAILROAD COMPANY v. MCCLOSKY, appellant.

This is an appeal by defendant from an order of special term, refusing to confirm the report of the commissioners of appraisal appointed to assess and appraise the compensation to the defendant for the taking of a piece of a lot of land for which the defendant had a lease for one year, with privilege of renewal for four more. The report awards, as compensation, the sum of $850; it appears by the affidavits that, when applied to by the company's president, the defendant demanded $500 for the premises wanted.

The company, deeming the award exorbitant, refused to pay it, hence the report. It was also stated in the report that, in addition to that sum, McClosky was to have the use of the sheds and fences, to be removed by him within eight days; but at the expiration of the lease the sheds were to be the property of the company, to be left on the ground. By this report, taken in connection with the affidavits, a strong case is made of an extraordinarily excessive assessment. The particulars it is not material to state. The company refused to accept or move to confirm the report, and on the argument of this motion formally notified the other side of its refusal to go further in the matter. Upon this ground the court, though it ordered the report to be filed, refused its confirmation, but gave leave to the applicant to move again for confirma-

Matter of Washington Park v. Barnes.

By that decision and opinion, it is established that no title vests until confirmation of the report of the commissioners for the assessment of damages; that until such confirmation the party seeking to acquire lands may discontinue further proceedings and abandon the attempt to acquire the title, and that the commissioners of Washington park, the petitioners, alone can ask for such confirmation.

The proceedings of the park commissioners are regulated by the same laws that govern railroad companies from the time that commissioners for appraisal of damages are appointed by the court. See, also, *Matter of Commissioners of Washington Park*, 52 N. Y. 137.

The English statutes regulating the exercise of the right of eminent domain are so different from ours that any decisions founded thereon would be unsafe precedents and authority in the construction of our statutes. 1 Redf. on Railw., ch. 15, § 1, (p. 384 of 4th ed.)

The park commissioners should have leave to discontinue and abandon any further proceedings for acquiring the title to the lands

tion on payment of ten dollars costs. From that part of the order refusing confirmation of the report, the applicant appealed.

*O. M. Hungerford*, for appellant.

*H. Smith*, opposed.

PECKHAM, J. It cannot be pretended that this court has any power over these proceedings, except such as the statute confers. The statute authorizes the company, not the owner of the land, to move for the confirmation of the report. It does not authorize either party to make that motion, but confines it to the company. For what purpose that was confined to the company, it is not material to inquire. It is enough for this court that the language is plain to that effect. 3 Edm. Stat. at Large, 623, § 17.

Has this court authority to compel the company to move for the confirmation of the report, or to pay the damages reported? No such authority is conferred in terms, and, if it exists, it must be by implication from the language of the several provisions on this subject. The statute does provide "that in all cases of appraisal under this act and the act hereby amended, where the mode or manner of conducting all and any of the proceedings to the appraisal and the proceedings consequent thereon are not expressly provided for by the statute, the courts may make all the necessary orders "to carry into effect the object and intent of the act." Id. 642, § 5. But the difficulty in this case is that the statute has prescribed the mode and manner of confirming the report. To show that the legislature intentionally gave this authority to the company alone; in another case, where the title obtained by the company is defective, and the company wishes to perfect it, express authority is given to the party interested in such real estate to conduct the proceedings to a conclusion if the company delays or omits to prosecute the same. Id. 624, § 21. This provision, expressly confined to the particular case of proceedings taken to perfect a defective title, would seem to imply that it was not intended to be applicable to other cases. By the provisions of the statute no title exists in the company until the report is confirmed and the money awarded is actually paid or deposited in bank pursuant to the order of the court. Id. 923, § 18.

The courts have also substantially held that until confirmation of report there is no

Matter of Washington Park v. Barnes.

in question, upon paying to the landowners, parties to these proceedings, their necessary and reasonable costs and expenses paid or incurred attending the appraisement of damages heretofore had, such costs and expenses to be ascertained by a referee, to be appointed by the court at special term.

The right to costs, etc., on the part of the landowners may be doubtful, but it is so eminently just and reasonable, and the park commissioners consenting thereto, the order will be so entered.

Order of special term reversed, and leave to discontinue as aforesaid granted, without costs of appeal.

*Order reversed.*

---

change in the position of the parties as to title or compensation. The company has no vested interest in the land, or the landowner to the compensation. *B. & S. R. R. Co.* v. *Nesbitt*, 10 How. (U. S.) 395; *H. R. R. R. Co.* v. *Outwater*, 3 Sandf. 689.

The first case goes further, and holds that there is no vested interest, even after confirmation of the report. In the latter case, the court imposed as a condition of appointing commissioners for another assessment upon a changed route of the road, that the company should pay the costs and expenses of the landowner upon the first assessment. This, however, is the exercise of a very different power from that of making a positive order for the payment of the costs and expenses. The justice of allowing a railroad to experiment without any peril to itself, by an inquisition as to what damages it would be required to pay for a property, and then refusing to abide the award, unless entirely satisfactory, 1 confess is not apparent to me. This privilege, by this construction, belongs to one party (the railway) only. If satisfactory to the railway, it moves for confirmation, and the report is confirmed. The landowner has no remedy but to accept the compensation, unless the court afterward, on his motion, thinks that the report should be set aside for good cause shown. If we have the power to make an order absolutely, not as a condition that the railroad should pay the expenses of this commission, have we not just as much authority to order it to pay the damages found by the report?

There is as much legal ground for the one as the other. I do not think that the company can be heard for a moment to say or allege that this report was altogether too high, was a fraud, a gross wrong. The statute points out how and where that shall be inquired into. It is after the report is confirmed, and upon a direct motion to the court. I am strongly inclined to the opinion that this assessment or inquisition by these commissioners is irregular and would be set aside by reason of the conditions and qualifications it contains; yet the company cannot probably raise any such question in this stage of the case.

Plain justice requires that the company should proceed, or at least that it should pay the expenses, etc., of the landowner, so far as it has gone; but I think the statute has given no power to this court to make such an order. The legislature can afford the remedy.

*Order affirmed.*