OCTOBER, 1876. 167

First Nat. Bank of Brattleboro *v.* West River R. R. Co. et al.

FIRST NATIONAL BANK OF BRATTLEBORO *v.* WEST RIVER RAILROAD COMPANY AND BROWN.

[IN CHANCERY.]

*Compensation for Land Taken by Right of Eminent Domain.*

A railroad company located its railroad over land of B., and, his damages being duly assessed, deposited the sum so assessed with orator, pursuant to statute, orator issuing to B. a certificate of deposit therefor. The company, after having partially graded its road upon B.'s land, was enjoined, in suits to which B. was not a party, from proceeding with the work, and thereupon abandoned the construction of its road over that route, and forbade the orator's paying the deposit to B. B. demanded the full amount of the deposit of orator, and upon its refusal to pay it, brought suit at law therefor, whereupon the orator brought a bill of interpleader against the company and B. The answer of the company alleged, and B.'s answer admitted, that the bills upon which the injunctions were granted, proceeded upon the ground that the company had no right to construct its road over the projected route, and alleged that the injunctions, though temporary, had never been dissolved, and that ever after they were granted, the company wholly abandoned work on the road on the route surveyed, and had no intention of resuming. *Held,* that the admitted allegations of the company's answer were tantamount to a confession of the bill on which the injunctions were granted, and to an establishment of the fact that the company had no right to build its road over B's land, and that the proceedings of the company to condemn it were therefore void, and the right to the deposit still in the company.

APPEAL from the Court of Chancery, Windham County. The bill alleged, that the defendant company, a corporation created, &c., was by its charter authorized to construct a railroad from Jamaica, through the valley of West River, to Brattleboro, and thence through a part of Brattleboro and Vernon to the Massachusetts line ; that said company, being duly organized under its charter, surveyed and located its railroad on said route, and in October, 1869, procured commissioners to be appointed to appraise damages to land to be taken for the construction of said railroad ; that said railroad, so surveyed and located, extended through the land of defendant Frederick Brown, to whom the commissioners, upon hearing, awarded as damages for the taking of said land, the sum of eleven hundred dollars, which, on De-

168　　　　　　　GENERAL TERM,

First Nat. Bank of Brattleboro *v.* West River R. R. Co. et al.

cember 5, 1870, said company duly deposited with the orator, pursuant to statute, the orator delivering to said Brown a certificate of deposit therefor, whereupon the company entered upon his land, and began to grade and construct its railroad; that on November 14, 1870, while said work was in progress, and when but a small portion of Brown's land had been disturbed or occupied, the company was, upon bills of complaint of the Vermont & Massachusetts Railroad Company and the Rutland Railroad Company, and Lorenzo Brown and others, enjoined from further prosecution of work upon said road, after which, the land of said Brown was not occupied nor disturbed by said company; that after the service of said injunctions, the company ordered the orator to withhold from Brown the payment of said deposit, assigning as a reason therefor, that the company, by reason of said injunctions, had entered upon and taken but a small portion of the land, that the actual damage thereto was not more than three hundred dollars, and that it was not liable to pay the full amount awarded; but that said Brown subsequently demanded of the orator the entire amount of said deposit, and upon the orator's refusal to pay it, brought an action at law therefor against the orator; and that the orator was a mere stakeholder of said sum, having no interest whatever in said controversy, and was unable to determine to which party said sum justly belonged, but was ready and willing to pay the same to whichever party was entitled thereto.

The answer of the company admitted all the allegations of the bill, and alleged that after the commissioners were appointed, and had awarded damages to the owners of the land over which the road was surveyed and located in Vernon, the company entered upon said land, and built and prepared for the superstructure a large portion of road, and entered upon the land of defendant Brown, but had neither broken nor occupied but a small portion thereof, when the further building of the road on said route was enjoined as stated in the bill; that the company was informed and believed that said Lorenzo Brown was the father of defendant Brown, and acted as his agent on the hearing before the commissioners; that the ground upon which said injunctions were granted went to the right of the company to build its road at all upon said

route over the land of defendant Brown, the orators in those suits claiming in their bills that the company had no such right, and should be perpetually enjoined therefrom; that said injunctions were granted and served about November 14, 1870, and were still in force; that the company had not attempted to have them dissolved, except by filing motions for that purpose, which had never been heard nor brought to the attention of the court; that the company ever after said injunctions were granted, wholly discontinued and abandoned the construction of the road over said route, and over the land of said Brown; that the company had settled with and paid all the other land owners for their land taken, and relinquished it to its owners, paying only for the actual damage done thereto; that said route had been abandoned by the company, and that work thereon would not be resumed; that the actual damage to Brown's land did not exceed three hundred dollars, and that if the company was compelled to pay him the sum of eleven hundred dollars as awarded, the company would receive no consideration therefor, aside from said small damage, and that said Brown would retain his land and also have pay for its full value; and that after the company was restrained from building said road, it notified the orator not to pay the amount of said deposit to Brown, for the reason that the company had not been permitted to take and use the land for which the money was deposited, and demanded of the orator the repayment of said deposit, which the orator declined to make.

The answer of defendant Brown admitted that the road was located as alleged; that the money was deposited with the orator, and a certificate of deposit issued; that he claimed the deposit, denied the right of defendant company thereto, and had brought suit to recover it; that the defendant company was enjoined as alleged, and had not since dug nor excavated upon his land; but denied that he had ever had any information from said company, or any of its officers or agents, that it had abandoned his land, or that it had no purpose to construct said railroad as located; that he was informed that the suits in chancery in which said injunctions were obtained were still pending; that the proceedings by which said company acquired the right to enter upon his land, were all taken by said

22

company, against his will and by virtue of the right of eminent domain ; that he submitted to the power of said company because he was obliged to ; and that when he was awarded the sum of eleven hundred dollars, he was satisfied to take it, and called upon the orator to pay it, but that the orator refused ; denied that he had anything to do with the proceedings that resulted in said injunctions ; alleged that said company had greatly defaced his farm in said Vernon—having dug a deep channel for a distance of from fifteen to twenty rods through a valuable orchard of young trees that had just come to bearing, that twelve or more thereof were uprooted and destroyed ; that it would cost more than $1100 to move the dirt and soil back to where it lay before its removal ; and that instead of his actual damages being no more than three hundred dollars, they were more than twice that ; and prayed that the sum of eleven hundred dollars in the hands of the orator, with interest thereon from January 1, 1871, the date of his demand therefor, might be decreed to him, and that said company might be compelled to pay his costs. It was stipulated that all the statements of fact in the bill should be taken as true, except so far as varied by the answers, and that any additional facts contained in the answer of either defendant should be taken as true, unless in conflict with the averments of the bill or the other answer, except the averments as to Brown's actual damages ; and as to damages, it was stipulated that in the event that the court was of opinion that Brown was only entitled to actual damages, the cause should be referred to a master to find and report them. The cause was heard upon bill, answers, and said stipulation, at the September Term, 1873, and the decree *pro forma* for defendant Brown for the funds in the hands of the orator, with costs. Appeal by the defendant company.

*Field & Tyler (E. J. Phelps* with them), for defendant company.
Defendant Brown is not entitled to recover the fund in dispute, because the title to the land, in payment for which it was deposited, never vested in the railroad company. By the stipulation, all the statements of fact in the orator's bill were to be taken as true, except so far as varied by the answers ; and any additional facts

contained in the answer of either defendant were to be taken as true, unless in conflict with the averments of the bill or the other answer.

The bill states, that after the entry upon Brown's land, the company was enjoined from the further prosecution of work upon said road, and that after the service of said injunctions the land of said Brown was not disturbed by the company. The answer of the company states, that the grounds upon which the injunctions were granted went to the right of the company to build its road at all over the route surveyed, and across the land of Brown, and that the orators in said suits claimed that the company had no such right, and should be perpetually enjoined. It further states, that the company made no attempt to dissolve said injunctions, and had wholly discontinued and abandoned the construction of the road over said route and the land of Brown, and had settled with all the other land owners on the route, by relinquishing the lands taken and paying only the actual damages. The answer of the defendant Brown does not controvert any of those statements, but admits that the injunctions were obtained as stated in the bill, and that the company never afterwards dug or excavated upon the land. It is conceded by the counsel for Brown, that the injunctions proceeded upon the ground of want of power in the company to occupy the land in question, that they were properly granted, and had never been dissolved, and that the work was afterwards abandoned. It therefore plainly appears from the record, and is conceded, that the company never had any power to take the land, to cause it to be appraised, nor to agree to pay for it, that the title, as well as the possession of it, still remains in the defendant Brown, and that the attempt to occupy the land has been permanently abandoned. The case is therefore brought directly within the decision of *Stacey* v. *Vt. Central R. R. Co.* 27 Vt. 39, where it is held that the land owner is not entitled. to the payment of the amount awarded for the occupation of his land, until the title to the land vests in the company.

That no right of action can ever arise in favor of or against a corporation upon any contract or transaction beyond the power

of the corporation to engage in, is a proposition, too well settled
to require either argument or authority, and one that has been
repeatedly held by this court.  *Vt. & Canada R. R. Co.* v. *Vt.*
*Central R. R. Co.* 34 Vt. 247 ; *Wiley* v. *First National Bank of*
*Brattleboro*, 47 Vt. 546.

It is clear that the statute never contemplated the gross injustice
of allowing the land owner to retain his land, and at the same
time to recover the entire value of it.     Gen. Sts. c. 28, ss. 28–32.

*Davenport & Eddy*, for defendant Brown.

By the proceedings stated in the pleadings, the railroad com-
pany became seised and possessed of the land of defendant Brown.
It acquired a vested right to the land forever for all purposes
connected with the construction and operation of a railroad upon
it.     *Hurd* v. *Rutland & Burlington R. R. Co.* 25 Vt. 116; *Jackson*
v. *Rutland & Burlington R. R. Co.* 25 Vt. 150 ; *Conn. & Pass.*
*Rivers R. R. Co.* v. *Holton*, 32 Vt. 43 ; *Knapp* v. *McAuley*, 39
Vt. 275 ; *Troy & Boston R. R. Co.* v. *Potter*, 42 Vt. 265 ; *Bur-*
*nett* v. *Nashville &c. R. R. Co.* 4 Sneed (Tenn.), 528 ; *Blake* v.
*Rich*, 34 N. H. 282.

But whatever the title acquired by the company to the land,
Brown has acquired a vested and indefeasible right to the deposit.
His right became perfect against the company when the railroad
was located upon his lands, and his lands were sequestered and
appraised under the statute, and deposit made to his credit.     His
right was perfect against the orator when the cashier issued the
certificate of deposit, and he signified his acceptance of the award
by demanding payment or suffering ninety days to elapse without
appeal.     Gen. Sts. c. 28, ss. 17, 18.

When the company became seised and possessed of Brown's
land, he became entitled to his compensation.     The right to ap-
propriate the land for railroad purposes, carries with it the cor-
relative right of the land-owner to compensation.     Private prop-
erty cannot be taken for public use without adequate compen-
sation.     Whenever the right to enter upon his land to grade
and construct a railroad became vested in the company, that
moment he acquired a vested right to the compensation awarded

and deposited as required by the statute. When his rights were thus vested, no act of the company, without his consent, could divest him of them, and deprive him of that which, by the Constitution and the statute, was the equivalent of the land. *Stacey* v. *Vt. Central R. R. Co.* 27 Vt. 39; *Baltimore R. R. Co.* v. *Nesbitt,* 10 How. 395; *Hudson River R. R. Co.* v. *Outwater,* 3 Sandf. 689; *Crowner* v. *Rome &c. R. R. Co.* 9 How. Pr. (N. Y.) 457; *Evans* v. *Hœfner,* 29 Mo. 141; *Wagner* v. *Cleveland & Toledo R. R. Co.* 22 Ohio, 563; *Hampton* v. *Coffin.* 4 N H. 517; *Westbrook* v. *North,* 2 Green, 179; *Hawkins* v. *Rochester,* 1 Wend. 53; *Harrington* v. *Berkshire,* 22 Pick. 267; *Henry* v. *Dubuque &c. R. R. Co.* 10 Iowa, 540.

Payment of the damages allowed by the commissioners, or a deposit of the same, was a condition precedent to the right of the company to enter upon lands for any other purpose than to make preliminary examinations and surveys in order to select the most advantageous route. Gen. Sts. c. 28, s. 24. To give to any corporation of a public character the right to take possession of private property for railroad uses until compensation has first been made or secured, is in violation of the Constitution. *Blodgett* v. *Utica &c. R. R. Co.* 64 Barb. 580; *Shepherdson* v. *Milwaukie &c. R. R. Co.* 6 Wis. 605; *Fox* v. *Western Pacific R. R. Co.* 31 Cal. 538; *Raleigh &c. R. R. Co.* v. *Davis,* 2 Dev. & Bat. (N. C.) 451.

The provisions of sections 30, 31, and 32 of c. 28 of the Gen. Sts., are not applicable to this case. They are designed for the adjustment of claims for damages upon an equitable basis, where, by change of location of a railroad, the land reverts to the owner. They do not touch cases where a railroad corporation unlawfully attempts to construct a railroad, and having accomplished its purpose, abandons the land, or is enjoined from further prosecuting the work because of some illegality in the procedure. Corporations cannot take advantage of their own wrong in that way. Besides, so tender is the statute of the rights of the land-owner, even when the corporation acts in good faith, with undoubted right, that it gives him the option, "if he chooses, to convey to

such company the land so located upon, and in that case may retain the sum so awarded."

The opinion of the court was delivered by

Ross, J. The question now before the court in this case is relative to the respective rights of the defendants to eleven hundred dollars, deposited with the orator to the credit of Brown by the railroad company. The deposit was made as a condition precedent—made so by the statute—to the right of the railroad company to take his lands for the construction and maintenance of its railroad. If by the proceedings under which the money was deposited, the railroad company acquired the right to hold and use the lands condemned, belonging to defendant Brown, for the construction and maintenance of its road, he thereby acquired the right to the money. The right of the railroad company to take and hold the lands for the purpose of constructing and maintaining its railroad, and his right to the money, are correlative and coincident, and vest simultaneously in the respective parties. No voluntary abandonment of the right to take and use the lands, when once fully acquired, will divest him of the right to the money which has once vested in him. This we think is fully established by *Stacey* v. *Vt. Central R. R. Co.* 27 Vt. 39 ; *Baltimore R. R. Co.* v. *Nesbitt,* 10 How. 395 ; *Hudson River R. R. Co.* v. *Outwater,* 3 Sandf. 689 ; *Wagner* .v. *Cleveland & Toledo R. R. Co.* 22 Ohio, 563 ; *Hampton* v. *Coffin,* 4 N. H. 517 ; *Hawkins* v. *Rochester,* 1 Wend. 53 ; *Harrington* v. *Berkshire.* 22 Pick. 267 ; *Henry* v. *Dubuque &c. R. R Co.* 10 Iowa, 540.

The proceedings taken by the railroad company with the view to condemn the land of the defendant Brown, are conceded to have been regular and to have been prosecuted to completion ; so that, if the railroad company had the right to institute and carry through those proceedings, it has thereby acquired a good title to the lands, and he the right to the money. If, however, the railroad company, by the proceedings and deposit of the money, acquired no right to construct and maintain its road over the lands entered upon, the defendant Brown acquired no right to

the money deposited, as these rights co-exist, if either exists. Hence, the real question is, whether, on the facts in the case, the railroad company obtained the right to construct and maintain its road over and across the lands taken, belonging to defendant Brown.

It is conceded, that soon after the deposit of the money and the entry of the railroad company upon the land, but before the demand of the money by Brown, the railroad company was enjoined from constructing its road on the route leading across the lands of defendant Brown, on a bill in chancery brought by other parties, alleging that the railroad company had no right to construct its road over the route where it had located its line, and that the railroad company have wholly abandoned the undertaking. The bill in chancery is still pending, but no attempt has been made to have the injunctions dissolved, further than the filing of a motion for that purpose. It is not directly admitted that the railroad company had no right to build and maintain its road on the lands of defendant Brown; neither has that right been adjudicated in the suit in chancery, further than the granting of the temporary injunctions. To entitle the orators in that suit, to the temporary injunction, the bill must have made a *prima facie* case against the right of the railroad company to build its road on that line. It is to be presumed that the temporary injunction was legally and properly granted. It is also admitted that the company have permanently abandoned the work on, and the location of, their road over the lands of defendant Brown, and have no intention or purpose of ever resuming the same. This is tantamount to a confession of the bill on which the temporary injunction was granted. The *prima facie* case made by the bill against the right of the railroad company to build its road on that location, thus yielded to and confessed by the company, is equivalent to the establishment of the fact that the railroad company had no right under its charter to locate and build its road over the lands of defendant Brown; not from an adjudication in the injunction proceedings, but as the result of the facts conceded to exist in the case. It matters not how this fact is established. Its force is equally cogent and controlling when it

results from other conceded facts, as when admitted or established by a solemn adjudication. With this fact established, the proceedings of the railroad company to condemn the land of defendant Brown, even to the depositing of the money, although in the manner and under the forms prescribed by statute, were without the sanction of law, and void. The railroad company through them, acquired no right to his land, and he, no right to the money deposited by it in payment for the land. As, in the eye of the law, no land was condemned, no money in payment for the land can be exacted. The entry upon the land was a trespass, and as such the defendant Brown is, under the stipulation of the parties, entitled to full compensation for the damages occasioned by such wrongful entry, out of the money in the hands of the orator.

The result is, that the *pro forma* decree of the court of chancery for defendant Brown for the entire sum deposited, is reversed, and the cause is remanded, to be proceeded with in the ascertainment and allowance of a decree for damages, agreeably to the stipulation of the parties. The orator is to be allowed its taxable costs out of the funds in its hands. No costs to be allowed to either defendant, except the court and clerk and master's fees are to be deducted from the fund.