ONONDAGA COUNTY v. WHITE et al.

(Supreme Court, Special Term, Onondaga County. June 21, 1902.)

1. CONDEMNATION—DISCONTINUANCE—COSTS AND EXPENSES.

Code, § 3374, relating to condemnation, provides that, before 30 days from the expiration of the final order, the court may authorize the abandonment of the proceedings on payment of fees and expenses of the commissioners, costs and expenses directed to be paid ·in the final order, if it has been entered, and "on such terms and conditions as the court may prescribe." Section 3374, as first adopted in 1890, provided that, within 30 days after entry of the final order, the plaintiff might abandon the proceeding by paying the fees and expenses of the commissioners, and the costs and expenses directed to be paid in such order. Chapter 198, Laws 1876, which first gave the right to abandon after final order, amended section 18 of the railroad law (chapter 140, Laws 1850) by providing for such abandonment by a railroad company on giving notice, and paying the reasonable costs and expenses of the owner, to be ascertained and adjusted by the court. On discontinuance before final order, the landowners claimed expenses in counsel fees, loss of tenants, and rents. *Held,* that the larger provision for costs of the act of 1876 not having been adopted in section 3374, the phrase "on such other terms and conditions" did not apply to costs and expenses of such character on a discontinuance before the appointment of commissioners, but the plaintiff was entitled to an order giving leave to discontinue on payment of taxable costs to the parties who have appeared, and costs of motions, and also the compensation of the guardian ad litem of an infant defendant, to be fixed under rule 50, relative to compensation to guardians ad litem, with opportunity to plaintiff to file answering affidavits.

2. SAME—APPOINTMENT OF COMMISSIONERS.

Condemnation law (Code, § 3371) provides that after the report of commissioners any party may move for a confirmation, and, under section 3373, the amount directed to be paid shall be docketed as a final judgment. Sections 3379 and 3380 provide relief to a landowner when plaintiff has gone into possession and discontinues. *Held* that, when the plaintiff seeks to discontinue before the appointment of commissioners, a landowner has no right to compel the appointment of commissioners, so as to obtain his expenses, etc., under section 3374, providing that within 30 days after entry of the final order the plaintiff may abandon the proceeding by filing and serving a written notice of its determination

to do so, and paying the fees and expenses of the commissioners and the cost and expenses directed to be paid in such order.

Condemnation proceedings by the county of Onondaga against Horace K. White and others. Motion by plaintiff for discontinuance. Motion granted.

William F. Rafferty, Hiscock, Doheny, Williams & Cowie, Herbert L. Smith, and Ernest I. Edgcomb, for plaintiff.

White, Cheney & Shinaman, for defendants Horace K. White and others.

White & Ryan, for defendants Andrew D. White and others.

Edward H. Burdick, for defendants Lucena E. Stone and others.

Jones, Young & Conway, for defendant J. Milford Andrews.

Robert A. Nicholson, for defendant Albert Harke.

Samuel Packard, for defendants Israel S. Harrison and others.

Luddington & Kennelly, for defendant Frank E. O'Herin.

Edward O. Johnson, for defendant Bart Smith.

McGowan & Stolz, for defendants Maurice F. Mantell and others.

Cooney & White, for defendant Michael Conley.

Thomson, Woods & Smith, for defendants John J. Gaffney and others.

David F. Costello, for defendants Phillip G. Brown and others.

John H. Phillips, for defendants Herman Biel and others.

MERWIN, J. On the 4th of December, 1901, the board of supervisors of Onondaga county, in contemplation of building a new courthouse, adopted a resolution by which its proper committee was authorized and directed to take the necessary steps for acquiring, either by treaty or condemnation, the remainder of the block upon which the present courthouse is situated. In accordance with this resolution, no agreement having been reached with the owners, a petition on behalf of the county for condemnation of the property referred to was prepared and duly served upon the owners and tenants, together with a notice that it would be presented to a special term of this court on May 3, 1902. The petition and notice of pendency of the proceeding were filed March 13, 1902. On May 2, 1902, the board of supervisors, at a special meeting, called by reason of opposition of the public to the purchase or use of the whole block, adopted a resolution directing its committee to limit their application to the acquiring of only a small designated portion, and to discontinue as to the balance. At the court, on May 3, 1902, the petitioner, or plaintiff, appeared by counsel, and also the owners and divers of the tenants, and thereupon the counsel for the plaintiff stated their desire to amend, and to discontinue as to the property not desired to be taken. In order that the plaintiff might make the proper motion for that purpose, the proceeding was adjourned to a special term, to be held May 17, 1902, and at that time the motion for amendment and discontinuance was made. The owners and tenants appeared, and the contest was over the terms and conditions that should be imposed. The owners claimed they should be compensated for loss of tenants and rents, occasioned by the impending proceeding or action of the board, and also for counsel fees and other

expenses incurred preparatory to a contest. The tenants claimed counsel fees, and in some cases special damages, incurred by reason of their having rented other property in expectation of being compelled to vacate. Pending the determination of this motion, the original proceeding was adjourned to a special term, to be held June 21, 1902. At that time, upon due notice, the plaintiff moved for the discontinuance of the whole proceeding; the board of supervisors having, on the 12th day of June, 1902, by reason of opposition to the proposed site, adopted, at special session, a resolution directing its committee to procure such discontinuance.

By section 3374 of the Code, as it now stands, it is provided that upon the application to be made at any time after the presentation of the petition, and before the expiration of 30 days after the entry of the final order, upon certain notice to all who have appeared, "the court may, in its discretion, and for good cause shown, authorize and direct the abandonment and discontinuance of the proceeding, upon payment of the fees and expenses, if any, of the commissioners, and the costs and expenses directed to be paid in such final order, if such final order shall have been entered, and upon such other terms and conditions as the court may prescribe." As in this case. commissioners have not been appointed, and no final order made, the statutory power to impose terms must be derived, if at all, from the last expression, "upon such other terms and conditions as the court may prescribe." The plaintiff claims that this relates only to a case where commissioners have been appointed, and that, at most, only taxable costs could be imposed under the general power of the court over its proceedings. Section 3374, as first adopted in 1890 (Laws 1890, c. 95), provided that, within 30 days after entry of the final order, the plaintiff might abandon the proceeding by filing and serving a written notice of its determination to do so, and paying the fees and expenses of the commissioners, and the costs and expenses directed to be paid in such order. The right to abandon after the final order seems to have been first given by chapter 198, Laws 1876, which amended section 18 of the railroad law (chapter 140, Laws 1850), by providing for such abandonment by a railroad company upon giving notice, and paying the reasonable costs and expenses of the owner, to be ascertained and adjusted by the court. Prior to 1876 it had been decided (In re Commissioners of Washington Park, 56 N. Y. 144) that discontinuance might be permitted at any time before the final order. In such case, where the discontinuance was after the appraisal, necessary and reasonable costs and expenses were allowed to the landowner in the Washington Park Case, and also in Re Waverly Waterworks Co., 85 N. Y. 478; Railway Co. v. Thorne, 1 How. Prac. (N. S.) 190; and Railroad Co. v. Outwater, 3 Sandf. 689,—though beyond taxable costs. In Re Wells Ave. Sewer, 46 Hun, 534, no costs at all were allowed. In the Waverly Waterworks Co. Case, the court say that, as the landowner had been subjected to costs and expenses beyond what was taxable, and had obtained a favorable award, it would be unjust to deprive him of the fruits of the proceeding without a full indemnity for the expenses to which he was subjected.

No authority is cited as to the existing rule in a case like the present, when the discontinuance is asked for before appointment of commissioners. Formerly in such a case discontinuance was granted as a matter of course. City of New York v. Mapes, 6 Johns. Ch. 49. The act of 1876, as well as section 3374, as originally passed, had more special, if not entire, reference to applications for relief from actual liability resulting from the order of confirmation. Section 3374, as amended in 1894, is more extensive. The provision as to costs is the same. The subject of costs being considered, and the larger provision in the act of 1876 not being adopted, the query is whether the final clause, "and upon such other terms," etc., should be construed to apply at all to the subject of costs or expenses of that character. It is a general rule of statutory construction that where there are special provisions relating to a particular subject, they must govern in respect to that subject, as against general provisions in other parts of the law which might otherwise be broad enough to include it. Suth. St. Const. § 325; Potter, Dwar. St. 221.

The landowners have answered, or indicated an intention to answer, presenting the issue of whether the plaintiff is entitled to an order appointing commissioners. If they succeed on this issue, they get a dismissal, with taxable costs, but no extra allowance (Railroad Co. v. Davis, 55 N. Y. 145), and no compensation for loss of rents. It can hardly be expected that upon a discontinuance defendants will be placed in a better position than they would be if the case should proceed, and they succeed on the issue they present for trial.

The tenants have not answered, and they, or some of them, claim damages for expenses or liabilities paid or incurred in expectation that the proceeding would be carried to a conclusion, and they be compelled to vacate. Still they presumptively knew that commissioners had not been appointed, and might never be, and that the right of the county to take had not been established. I am not referred to any law or rule that the defendants could invoke for the purpose of requiring the plaintiff to have commissioners appointed. There was no duty or obligation upon the plaintiff, at that stage of the case, to proceed for the benefit of the defendants, and there is no provision allowing the defendants to take up or conduct the case at that point. After an appraisal, they had a right to act; they could move for confirmation (section 3371), and, upon confirmation, have judgment in their favor, which they could enforce (section 3373). When, by a discontinuance, they were deprived of these rights, it might well be that they should be indemnified, as far as possible, for all losses incurred, and the general provision in section 3374, as to conditions, was, no doubt, intended specially for such cases. So, if a plaintiff was in, or had been allowed to take, possession (sections 3379 and 3380), and then wished to discontinue, special relief might be proper, under the general rule. It therefore would seem that the tenants, in incurring expense or liability before the appointment of commissioners, took the risk of the county going on with its plan. I fail to see how the fact that the county did not do what it said it was going to do would, in the absence of any duty or obligation to proceed, and in the absence of bad faith,

fraud, or wrongful act, furnish a legal basis for liability for damages, or entitle parties to remuneration for speculative losses. As said in Martin v. Mayor, etc., 1 Hill, 548, in the nature of things, in matters of this kind, municipal officers must exercise a discretion on the question whether the public shall be finally committed. In the case cited, the plaintiff claimed to recover damages for the delay and refusal of municipal officers to complete the laying out of a street, alleging that a cloud had been brought over his title to his damage; that he had erected houses on the contemplated street, and done other things, on the faith of the proceedings being consummated, and suffered disadvantages by the delay. The court said that the consequences complained of must be held to be damnum absque injuria. See, also, In re Military Parade Ground, 60 N. Y. 319, 324; Carson v. City of Hartford, 48 Conn. 68, 88; 2 Dill. Mun. Corp. §§ 608, 609; Shanfelter v. City of Baltimore, 80 Md. 483, 494, 31 Atl. 439, 27 L. R. A. 648. The cases to which I am referred where parties were given indemnity upon a discontinuance after an appraisal are not applicable here. The defendants are not called upon here, as in those cases, to relinquish the fruits of a litigation.

If, by reason of the acts or conduct of the plaintiff in the commencement of this proceeding, the defendants have suffered an actionable injury, they have their remedy, as in other like cases, by proper action after the proceeding is terminated. The provision in section 3374 was not, I think, intended to apply to such a case.

The plaintiff is, I think, entitled to an order giving leave to discontinue, on payment of taxable costs to the parties who have appeared and costs of motions, and also the compensation of the guardian ad litem of the infant defendant, to be fixed under rule 50, with opportunity to plaintiff to file answering affidavits. The interest of the minor in the matter does not appear. An order may be prepared by either party, and submitted to the others, and forwarded to me for allowance.

The defendants, if they desire, may have a provision in the order that the discontinuance shall be without prejudice to an action for damages.