COUNTY OF RAMSEY *vs.* WASHINGTON M. STEES.

July 16, 1880.

Eminent Domain—Appeal.—Sp. Laws 1878, *c.* 150, being "An act to authorize the location of an avenue around Lake Phalen," gives an appeal from the district to the supreme court.
· Evidence *held* sufficient to justify the verdict.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing a new trial.

*J. J. Egan,* for appellant.

*Bigelow, Flandrau & Clark,* for respondent.

BERRY, J.   Special Laws 1878, *c.* 150, is "An act to authorize the location of an avenue around Lake Phalen," and in sec-

tion 6 it is provided that "any owners of lands through which said road passes may appeal from the appraisement of damages" made by the commissioners appointed to lay out the same, "to the district court of Ramsey county." Section 7 provides that "such appeal shall be taken by the services of a notice in writing, one upon the county auditor and one upon the county attorney of Ramsey county, and on the filing in the office of the clerk of the district court a copy of such notice, with proof of service, with a description of the property taken, and the amount of the commissioners' award, together with appellant's grounds of appeal, the appeal will be deemed to be complete, and thereafter proceedings shall be had as in actions originally commenced in the district court."

We think that the last clause of this section gives a right of appeal from the district court to this court. "Thereafter proceedings" is equivalent to "proceedings thereafter"—an expression broad enough to include such right of appeal; and as it is the general policy and practice of our statutory law to provide for the review of proceedings in the district courts by appeal, rather than in any other way, we think such construction should be given to the expression mentioned as will follow out this policy and practice as far as may be. The present respondent's motion to dismiss the appeal is accordingly denied.

This case was tried in the district court by a jury, by whose verdict damages were awarded to the present respondent in the sum of $2,600. The present appellant moved simply for a new trial. No exception having been taken on account of any alleged error in the course of the trial, the only real question before the district court upon the motion was whether the verdict was justified by the evidence. Upon this question there is no room for doubt. There was abundance of evidence to sustain the verdict. The position that the commissioners acted without jurisdiction, even if it be a sound position, furnished no reason for granting a new trial.

Order affirmed.