CHARLES WITT *vs.* ST. PAUL & NORTHERN PACIFIC RAILWAY COMPANY.

July 12, 1886.

**Railway Company—Condemnation Proceedings—Abandonment.**—In condemnation proceedings by a railroad company, the judgment entered under Gen. St. 1878, c. 34, § 26, determines the right of the corporation to appropriate the land upon the payment of the amount adjudged to be due the land-owner. Prior to the judgment it may discontinue and abandon the condemnation proceedings; but if it has actually entered into possession under such proceedings, in the prosecution of its enterprise, it must also, in order to render such discontinuance effectual, surrender and abandon the possession of the premises.

An award having been duly filed in the district court for Hennepin county, in proceedings instituted therein by the St. Paul & Northern Pacific Railway Company to acquire for its uses certain lands, an appeal was taken therefrom by Charles Witt as to the damages awarded for certain land of which he was the owner. The appeal was tried in the district court before a jury, who on October 29, 1885, rendered a verdict increasing the award from $200 to $1,250. On October 30, 1885, the railway company served notice on Witt that it abandoned

the condemnation proceedings as to the land in question. Thereafter Witt, upon affidavits showing the facts recited in the opinion, moved for judgment on the verdict, which motion was granted by *Lochren,* J., and the railway company appeals from the judgment so entered.

*D. A. Secombe,* for appellant, cited Gen. St. 1878, *c.* 34, § 31; *St. Paul & S. C. R. Co.* v. *Murphy,* 19 Minn. 433, (500;) *Matter of Rhinebeck, etc., R. Co.,* 67 N. Y. 242; *Matter of Syracuse, etc., R. Co.,* 4 Hun, 311.

*A. B. Jackson,* for respondent.

VANDERBURGH, J.　1. The respondent moves to dismiss the appeal, on the ground that the judgment entered herein, upon the verdict of the jury, in pursuance of Gen. St. *c.* 34, § 26, is not appealable. We are of the opinion that when cases of this character are brought into the district court, for trial of the issue in respect to the amount of the land-owner's damages, they should, for the purposes of appeal, be treated as actions commenced in the district court. The statute provides what the issue shall be, and the trial is to proceed in that court "as in other appeal cases." These provisions of the statute are substantially similar to sections 10, 13, chapter 31, in relation to "dams and mills." When originally enacted in that chapter, in 1857, (Laws 1857, Ex. Sess., *c.* 39,) "other appeal cases" were chiefly justice court and probate court appeals. A different view of this question was taken by this court in *Conter* v. *St. Paul & Sioux City R. Co.,* 24 Minn. 313; but we are of the opinion that the rule above suggested better accords with the general practice and policy of statutes in relation to appeals, which are to be liberally construed. Numerous appeals of this character have been brought to this court from time to time, and heard on the merits, without any question as to the right of appeal, and we think that a practice so generally recognized should be upheld. See *County of Ramsey* v. *Stees,* 27 Minn. 14, (6 N. W. Rep. 401.)

2. Upon the merits of the case, the only question to be considered is whether the district court erred in ordering judgment upon the verdict, notwithstanding the discontinuance or abandonment of the condemnation proceedings by the railroad company, after verdict and before judgment. Under section 26, the judgment entered on the verdict determines the right of the corporation to appropriate the

land in controversy, upon payment of the amount adjudged to be due to the land-owner. The correlative rights of the corporation to acquire the land under the proceedings, and of the land-owner to recover the amount assessed, are fixed by the judgment. Prior to the judgment the corporation may renounce the right to acquire the land, and may abandon the condemnation proceedings, but not thereafter. *In the Matter of Comrs. Wash. Park,* 56 N. Y. 144, 154; *Matter of Rhinebeck & Conn. R. Co.,* 67 N. Y. 242.

The trial court so interpreted the law in this case, but, upon the evidence, held that the appellant had already entered on and appropriated the land in controversy during the progress of the proceedings; and that, notwithstanding the entry of the discontinuance upon the record, it had not surrendered the possession of the land, but that the same was still held and occupied by the company. The proceedings are for the condemnation of land in the street abutting the lots in question. The company had entered thereon, after the appraisement by the commissioners, and prior to the verdict of the jury, and had constructed its road-bed, and laid down its track thereon, and in so doing had made a fill or embankment in the street upon respondent's land. Upon the trial in the district court the assessment was largely increased, and thereupon the company entered the discontinuance of the proceedings, and proceeded to widen out the embankment on the opposite side of the street, and to remove its railroad tracks and ties beyond the centre line thereof, but otherwise leaving its works and embankment on the respondent's land, as originally constructed. This the court held, upon what appears to be sufficient evidence, remained a part of the roadway occupied by the company. It is still, therefore, using and in possession of the plaintiff's premises for the purposes for which the condemnation proceedings were instituted, and has not, in fact, abandoned them.

The court allowed judgment upon the verdict on the ground that the proceedings for discontinuance, under the circumstances, should be held as ineffectual, without an actual abandonment of the use and possession of the premises. Though the company had no lawful right to enter upon the land, pending the appeal, without executing the bond required by section 24, yet we think it may fairly be pre-

sumed in this case that it entered and prosecuted the improvement without opposition from the respondent, and with the purpose of appropriating the premises under the condemnation proceedings, and in anticipation of its acquisition and permanent occupancy. Had the company filed such bond, and taken possession, the subsequent right to abandon the proceedings without the consent of the respondent would have been lost. *Curtis* v. *St. Paul, etc., R. Co.,* 21 Minn. 497.

Whether the law would permit an abandonment by the corporation in any case, where it has taken possession of the land sought to be acquired pending the proceedings for condemnation, with the express or tacit consent of the owner, we need not now inquire. But we think the court was right, in any event, in holding that a corporation, acquiring possession under such circumstances, cannot assume to abandon the proceedings, and retain the possession and use of the premises in the continued prosecution of the enterprise, and thus obtain an opportunity for another assessment in a new proceeding, or in an action by the land-owner under section 34; and the provisions of section 31, for the allowance of costs and damages upon a discontinuance under such circumstances, must be deemed inadequate and incomplete, unless the possession (where previously taken) be surrendered when the proceedings are discontinued.

Judgment affirmed.

MITCHELL and DICKINSON, JJ., *(concurring.)* We concur in the decision, but put it upon the ground that the railroad company, having, pending the condemnation proceedings, and after the filing of the appraisement of the commissioners, taken possession of the property, and appropriated it to the purpose of its railway, had elected to take, and had *taken,* the property, and that its right to abandon the proceedings, unless with consent of the land-owner, was lost; the only matter left for future determination being the amount of his compensation, as to which the railway company, by taking the property, had elected to take its chances.

It was immaterial that the company had not given the bond required by Gen. St. 1878, c. 34, § 24. This bond is designed solely

for the security of the land-owner, and it does not lie in the mouth of the company to say that it has taken possession without complying with the statute in that respect.