CITY OF DULUTH v. JAMES LINDBERG.[1]

November 15, 1897.

Nos. 10,704—(107).

**City of Duluth—Parks—Condemnation Proceedings—Withdrawal.**
Sp. Laws 1889, c. 401, as amended by Sp. Laws 1891, c. 54, authorizing a system of public grounds for the city of Duluth, provides as follows: "The court shall have power to revise, amend or confirm said appraisement in whole or in part, or to order a new appraisement." "The board [of park commissioners] shall have the right at any time before final confirmation of said report [of the appraisers] to withdraw such proceedings upon payment of the costs thereof." The court amended the appraisement as to one of a large number of lots by greatly increasing the appraisement thereof, and confirmed the report as to the others. *Held*, that the board was entitled to a reasonable time within which to withdraw its condemnation proceedings as to said lot after the court made its order increasing the award. Nor could the board be deprived of this right by the court, instantly after increasing the award, making another order, confirming the report as amended.

Appeals by plaintiff from an order of the district court for St. Louis county, Ensign, J., entered March 18, 1897, vacating its order of February 10, 1897, and from an order of April 17, 1897, denying its application to withdraw and abandon condemnation proceedings against a certain lot. Reversed.

Appeal by defendant from so much of the order of March 18, 1897,

1 Reported in 72 N. W. 967.

mentioned above, as denies his motion that the order of April 11, 1896, confirming an award of appraisers be amended nunc pro tunc. Affirmed.

The facts are stated in the first opinion.

*Henry S. Mahon,* for appellant.

The right to abandon continues until final judgment is entered, despite the facts of the appointment of commissioners, their report of an award and the making of a preliminary order of confirmation. Witt v. St. Paul, 35 Minn. 404; In re Commissioners, 56 N. Y. 144; In re Rhinebeck, 67 N. Y. 242; In re St. Anthony, 20 Wend. 618; In re Canal, 11 Wend. 155; North v. Lackland, 25 Mo. 515; Simpson v. Kansas City, 111 Mo. 237. Where the title to the land does not vest in the corporation until payment is made, the right to discontinue proceedings continues until that time, despite the fact that an award has been made or even confirmed. Baltimore v. Nesbit, 10 How. 395; City v. Barbian, 80 Ill. 482; Stacey v. Vermont, 27 Vt. 39; State v. Graves, 19 Md. 351; State v. Hug, 44 Mo. 116. On grounds of public policy public officers should have a reasonable time, after the cost of the improvement is finally ascertained, in which to determine whether to continue or discontinue proceedings in condemnation if, in their judgment, the cost is so large that public detriment will result. In re Commissioners, 31 N. J. L. 72; Graff v. Mayor, 10 Md. 544; State v. Halsted, 39 N. J. L. 640; City v. Barbian, supra; Queen v. Commissioners, 15 A. & E. 761; O'Neill v. Board, 41 N. J. L. 161; In re Canal, supra; State v. Graves, supra; State v. Hug, supra.

*Huntington W. Merchant* and *E. P. Towne,* for respondent.

The board must act in strict accord with the statute. Gray v. St. Louis, 81 Mo. 126; City v. Shultz, 44 Ind. 97. The board of park commissioners in attempting to withdraw proceedings simply against one lot and the building thereon is acting without statutory authority; in the absence of statute it would have no such right. Jones v. Inhabitants, 45 Me. 419. The statute expressly authorizes a dismissal of the proceedings, but by intendment compels the board to elect whether it will take all the property at the awards made or dismiss entirely its proceedings. Leisse v. St. Louis, 2 Mo. App. 105; Stafford v. Mayor, 7 Johns. 541. Under some statutes the

right to dismiss the proceedings as to the whole or any part of the property sought to be acquired is expressly given.    Duncan v. Mayor, 8 Bush, 98.    It is competent for the legislature to provide that the court in the first instance shall ascertain and judge the compensation to be paid to the landowner when his property is acquired by condemnation.    Ames v. Lake Superior, 21 Minn. 241. The board of park commissioners, after electing to apply to the court for confirmation of the report and after the making of the final order and judgment of the court thereon is concluded, and cannot now withdraw the condemnation proceedings.    Chicago v. City, 148 Ill. 479; In re Rhinebeck, 67 N. Y. 242; Moravian v. Bethlehem, 153 Pa. St. 583; Drath v. Burlington, 15 Neb. 367; People v. President, 1 Wend. 319; Duncan v. Mayor, supra.    Even if the board has the right absolutely to withdraw the proceedings, it cannot do so for the purpose of forcing the property owner to sell at a lower price than that awarded him by the report.    Leisse v. St. Louis, supra; Drath v. Burlington, supra.

BUCK, J.

Sp. Laws 1891, c. 54, establishes a department of the government of the city of Duluth named the "Board of Park Commissioners," with authority to plan and establish a system of public parks and parkways for said city; and to this end said board may designate the ground to be appropriated and acquired, and may purchase, lease, or obtain by the exercise of the right of eminent domain any and all property designated for such purpose, and may also accept in the name of said city for such purpose any donation, gift, bequest, or devise.    When such land has been so designated, appraisers may be appointed in condemnation proceedings, and the method of procedure is fixed by this special law.    Pursuant to such law, these proceedings were instituted by the board of park commissioners in the fall of 1895, for the purpose of acquiring lands for a certain park and the extension of a boulevard or driveway in said city.

In making the assessment of damages, the interests of a large number of the property owners were affected; and, when the application for confirmation was made, they objected.    The only controversy in this case arises over the award of damages made upon the taking of lot 3, block 5, in Merchants Park division of said city.    Five

cents was the award for the real estate taken; and for the buildings thereon, if taken by the city of Duluth, $450, and, if taken by the owner, $100. Under the law and upon due notice, application may be made to the court to consider and review the report; and, upon such hearing, exceptions thereto may be taken either by the board or any person interested, and the board have the right, at any time before final confirmation of such reports, to withdraw such proceedings upon payment of costs. The court also has the power to revise, amend, or confirm said appointment in whole or in part, or to order a new appraisement, and the same revise, amend, or confirm upon due notice. No appeal is allowed therefrom.

After a full hearing of this matter, the district court, by its order of April 11, 1896, amended the report as to said lot 3 in block 5, by raising the award for the buildings, if taken by the city, from $450 to $955, and, if taken by the owner, from $100 to $195, and in all other respects confirmed the report of the appraisers. A delay in the proceeding was caused by removal thereof to this court; but after the decision herein,[2] and on February 10, 1897, an ex parte order was made by the district court on motion of the park board, dismissing these proceedings so far as they affect lot 3 in block 5; but, upon due application, the proceedings of February 10, 1897, were subsequently vacated, and the amended award as made by the court reinstated, and from this order one of these appeals is taken. Subsequently the city of Duluth applied to the court for an order granting leave to withdraw these proceedings as to lot 3, block 5, and for dismissal of the same; and this was denied by the court, for the reason, as stated by the court, that an order amending the report needed no confirmation. It is from this order that the second appeal is taken, but, as practically the same question is raised in each appeal, they were treated by counsel together.

It is contended by the respondent that the right of the board to withdraw the condemnation proceedings is lost upon the confirmation of the report of the appraisers, and he bases this contention upon that clause of the law which provides that "the board shall have the right, at any time before final confirmation of said report,

2 State ex rel. v. District Court, 66 Minn. 161.

to withdraw such proceedings upon payment of costs thereof." [3] But the following clause of the law provides that the power of the court is to revise, amend, or confirm said appraisement, in whole or in part, or to order a new appraisement, and the same revise, amend, or confirm, upon like notice; that is, upon due notice to all parties of the hearing.

It is not within the power of the court to amend the award by a material and substantial raising or enlargement thereof, and have that act operate as a confirmation of the award of the appraisers. There must be either a confirmation, revision, or amendment by the court, or a new appraisement ordered. Confirmation means making firm that which was before infirm. Anderson, Law Dict. 224. It means to make good and valid that which before was incomplete, and in this case to perfect the award which without such confirmation was nonenforceable. When the court amended or changed the award by raising it to nearly double the sum fixed by the appraisers, it did not confirm, but absolutely disaffirmed, it. It was virtually a new appraisement, affecting the substantial rights of both parties to it. The act of the award amending the former award to such a material extent could not operate both as an amendment and a confirmation of the amendment; and when the court made this amendment, both parties were entitled to notice thereof and to a hearing, before any further action could operate as a confirmation or become res adjudicata. Until this was done, the board had a right to withdraw its condemnation proceedings. The change was a vital one, and, before it became final, the parties had a right to notice thereof.

This brings us to the other question in the case, viz.: Must the withdrawal by the board be entire, or can it withdraw the proceedings in part?

It is to be observed in this connection that the court, by the terms of the law, may revise, amend, or confirm the appraisement in whole or in part. Suppose it revises or amends in part, but does not confirm any part thereof, and the amendment makes the appraisement so high as to preclude its being beneficial, or actually makes it injurious, to the city; is the board thereby absolutely bound to withdraw

[3] Sp. Laws 1891, c. 54, § 7 (page 613).

in whole, and thus abandon all of its proceeding, or may it not withdraw in part if the interests of the city require it? It might be a great burden on the city if the court could make a material revision or amendment, and then hold the city powerless as against an excessive appraisement. The necessity for the right of withdrawal in part on the part of the board seems fully warranted by a fair construction of the act itself, and also lends force to the view which we have already expressed, that an amendment by the court of the appraisement is not a confirmation thereof, within the meaning of the clause fixing the time within which the board may withdraw the proceedings.

After such revision or amendment has been made, the board should have a reasonable time after due notice thereof to consider whether such proceeding would seriously affect the public interests of the city, and to act accordingly. If the revision or amendment was favorable, it could consent to the confirmation; but, if injurious to the public welfare, then it could protect the public rights and interests of the city by a withdrawal in whole or in part, as might seem just and proper. It seems a fair and just rule, and one which is absolutely essential in the administration of public affairs, that, if the representative of the public deem the appraisement of the land unreasonable, it should have the power to abandon the project upon paying the costs. In such case the landowner suffers no detriment, nor does the individual landowner.

"A man of prudence relinquishes a project when he finds the cost is likely to exceed, in a large measure, its benefits; it would seem intolerably unreasonable to require the agent of the public to pursue the opposite course. In construing any statute authorizing one of these undertakings, every reasonable intendment should be against reading it in a sense that would put the public in this false position. The legal effect of such acts should be held to be that they compel the landowner to offer the public the required land at the ascertained price, and that, when such price has been finally ascertained, the public has a reasonable time within which to make an election either to accept or reject the offer." Lewis, Em. Dom. § 656.

There is no merit in the contention of Lindberg that if this court holds that the park board had a right, under the circumstances, to withdraw the proceedings, then his motion for an order confirming nunc pro tunc the award to him should be granted. It appears

affirmatively from the record that no such order was made, and it is not permissible for the judge to change or attempt to change the legal effect of the order by his subsequent affidavit as to what he would have done if the other matter had been called to his attention. In his subsequent affidavit, he stated that

"He would have granted an order of confirmation amending the report as to the property of the said James Lindberg, and, unless good reasons were shown why it should not be done, directing the report as so amended should be confirmed, unless the proceedings against the same were abandoned by the board of park commissioners within a certain time thereafter."

But he could not amend the appraisement and instantly confirm it. Such a proceeding would be extremely arbitrary, and might deprive the city of its rights without notice and without a hearing.

On the other hand, if the amendment reduced the amount of the award, it might operate injuriously to the interests of the landowner. It is to be observed, however, that the judge adds a qualifying statement in his affidavit, that he would have then confirmed his amendment unless good cause was shown by the park board within a certain time thereafter. This statement implies that notice would have been or should be given to the board before final confirmation; and, assuming this to be so, there exists no right on the part of Lindberg to have an order confirming nunc pro tunc the award granted him by the amendment of the trial judge. The order actually granted, or that which the judge would have granted, with the qualified condition attached, would not constitute the basis for such an order as sought by Lindberg; and hence we are of the opinion that this point is without merit.

The order of March 18, 1897, and that of April 17, 1897, being the orders appealed from by the city of Duluth, are reversed; and the order of March 18, 1897, appealed from by the appellant, Lindberg, is affirmed, and the case remanded, with directions to the trial court to proceed in accordance with the opinion in this case.

MITCHELL, J.

I concur in the result on the following grounds: The only provisions of the statute (Sp. Laws 1889, c. 401, as amended by Sp. Laws 1891, c. 54, § 7), which are here material are as follows:

"The court shall have power to revise, amend or confirm said appraisement in whole or in part or to order a new appraisement."

"The board [of park commissioners] shall have the right, at any time before the final confirmation of said report [of the appraisers] to dismiss and withdraw said proceedings upon payment of the costs thereof."

It is undoubtedly true that where, as in this case, the court amends the report of the appraisers by increasing the award as to a particular lot or tract proposed to be taken, it requires no other or further order of the court as to such lot or tract. But this is not, as to such lot or tract, a confirmation, within the meaning of the clause fixing the time within which the board may dismiss or withdraw the proceedings. The main object of that clause is to give the board the right to withdraw in case the amount which they will have to pay for the property is more than public interests will justify. The increase of the award by the court may be the very thing that would justify and require that the proceedings as to such tract should be withdrawn; and if the order increasing the award is a confirmation of the report of the appraisers, within the meaning of the statute, the board would be absolutely without power to withdraw the proceedings after the cause of withdrawal came into existence.

Any such construction of the statute would be unreasonable. The board is entitled to at least a reasonable time within which to withdraw after the court has made its order increasing the award. Nor can the board be deprived of this right by the court instantly after increasing the award making another order "confirming" the report as thus amended. Where, for any cause, the board deems proper to do so, they may withdraw the proceedings as to one lot or tract, and allow them to stand as to the other property included. The statute never contemplated that, if the board concluded that the public interests did not justify the taking of one tract originally included in the proceedings, they must either take it or abandon the proceedings in toto. This disposes of both appeals.

In the appeal of the city of Duluth the orders should be reversed, and in the appeal of Lindberg the order should be affirmed.

CANTY, J.

I concur with Justice MITCHELL.