# STATE EX REL. CARRIE McFARLAND v. THOMAS ERSKINE AND ANOTHER.[1]

December 18, 1925.

No. 24,986.

**When payment for award for condemnation of land for county road may be compelled.**

1. When proceedings are initiated to acquire land for a county road, and the road is established and damages awarded to a landowner pursuant to section 2582, G. S. 1923, and no appeal is taken, the right of the county to appropriate the land and the right of the landowner to receive the compensation awarded are fixed, and payment of the award may be compelled, although the land is not physically appropriated or the road constructed or opened for travel.

**When proceeding cannot be abandoned.**

2. After the proceeding has reached the stage above mentioned, it can no longer be abandoned, for the public has acquired a right to the land and the landowner can no longer be denied the right to receive the compensation awarded.

1. See Eminent Domain, 20 C. J. p. 1074, § 454; p. 1076, § 456.
2. See Eminent Domain, 20 C. J. p. 1079, § 458.

Upon the relation of Carrie McFarland the district court for Itasca county granted its alternative writ of mandamus directed to the county auditor commanding him to issue to relator a warrant for the full amount of damages awarded relator by the board of county commissioners. Respondents appealed from an order, Stanton, J., sustaining relator's demurrer to the amended answer. Affirmed.

*Ralph A. Stone,* for appellants.

*C. C. McCarthy,* for respondent.

[1]Reported in 206 N. W. 447.

LEES, C.

The court sustained a demurrer to the answer to an alternative writ of mandamus and the defendants appealed. The writ was issued to compel the county auditor to issue a warrant in payment of the damages awarded to the relator in a proceeding to establish a county road which passes over her land.

The proceeding was begun by the petition of 24 freeholders, for the establishment of the road from the west to the east boundary line of Itasca county, pursuant to section 2582, G. S. 1923. An old road crossed the county from east to west, but was not well located, and the purpose of the proceeding was to straighten it. A portion of the new road was constructed, but not that portion which would have crossed relator's land, the old road being kept open and in use. When the order establishing the new road was made, the relator was awarded $1,500 as damages.

No appeal was taken from the order establishing the road or from the award of damages.

The learned trial judge made a clear and comprehensive statement of his reasons for sustaining the demurrer, citing the pertinent authorities. After referring to the allegations of the answer that the county does not intend to build the road over relator's land and is willing to abandon and has abandoned its original purpose in that regard, he said that the statutes contain no provision for the discontinuance of a proceeding to acquire land for the construction of a public highway; that, after the expiration of the time to appeal, the award of damages has the same force and effect as a judgment; that the right of the county to appropriate the land then becomes fixed, and that the landowner's right to the compensation awarded becomes a vested right.

We think this is a correct interpretation of the statute, notwithstanding the persuasive argument to the contrary advanced by appellants' counsel. The gist of the argument is that the relator's right to receive payment of the damages awarded could not come into existence until her land was actually taken; that, if she may compel payment now and the road is never opened for travel, she

will have her land as well as the money, and that such a result would be unjust to the county and its taxpayers.

The ultimate question to be determined may be thus stated: When must payment be made of the damages awarded to a landowner upon the establishment of a county road? Appellants answer: When the land is actually taken. Relator answers: When the road is established.

The statute provides that the damages must be assessed and awarded before the road is opened and worked, G. S. 1923, § 2582, but this does not answer the question as to the time of payment. Under section 13, article 1, of the state Constitution, private property may not be taken for public use without just compensation first paid or secured. When property is taken by the state, the constitutional requirement is satisfied if the amount to be paid is made a charge upon the public treasury of the state or of a municipal subdivision thereof. State v. Messenger, 27 Minn. 119, 6 N. W. 457. In other words, as stated in Johnson v. Town of Clontarf, 98 Minn. 281, 108 N. W. 521, the liability of the county to pay the damages awarded is sufficient security. This being true, it would seem that, as soon as the new road was established and the award of damages made, the county had a right to enter upon relator's land and construct the road without prepayment of the damages and, conversely, at the same moment relator's right to receive the award came into existence, or, if not then, at the expiration of the time to appeal from the award.

Attention is called to G. S. 1923, § 2588, which requires a town, before opening a town road, to issue a town order and deposit it with the clerk to cover the damages awarded to a landowner. It is argued that this evinces an intention on the part of the legislature to withhold payment of the damages awarded to a landowner until possession of the land is to be taken, and that the same rule should be applied whether the road is established by the county board or the town board. We cannot adopt this argument. For some reason the legislature has put county roads in one class and town roads in another and has prescribed different methods of pro-

cedure for their establishment. In construing the provisions applicable to one class, those applicable to the other may be considered, but are not determinative. The provisions of section 2582 differ from those found in section 2588 in so many respects that each section must be construed separately.

Particular attention is called to subdivision 5 of section 2588, which is to this effect: Although an appeal may be taken from an order awarding damages, a county road may be opened during the pendency of the appeal. It is argued that, since the payment of damages is not a condition precedent to the exercise of the right to open the road, the right to receive payment is conditional and may not be enforced until the public authorities proceed to open the road for travel.

The statutory provision above mentioned casts little light on the question to be answered. When an appeal is taken, the damages cannot be paid until they have been ascertained, that is, not until after the appeal has been disposed of. If the appeal stayed the opening of the road, the delay might inconvenience the public, and this is a good reason for permitting the county authorities to open it before the damages are finally determined. The ultimate payment of compensation to the landowner is secured because the county treasury is charged with the payment thereof. For these reasons, we think there is little force to the argument that, if there be no appeal, a landowner cannot compel payment of the award before a physical taking of his land.

It is contended that the proceeding to appropriate the land has been abandoned and that, therefore, relator's right to demand payment of the award has been extinguished. The contention cannot be sustained. It may be that the county board has a right to drop proceedings before the making of the order establishing the road, but, however that may be, when once the order is made, it is too late to do so. See State v. Anding, 132 Minn. 36, 155 N. W. 1048. The statute makes no provision for an abandonment of the proceeding to acquire the land.

In a proceeding initiated by a railroad company to acquire a right of way over private property, it was held that the filing of the

award of the commissioners is to be deemed a constructive entry and taking and that the rights of the parties are to be determined as of that time. Warren v. First Div. St. P. & Pac. R. Co. 21 Minn. 424. When such a proceeding is initiated by the state to appropriate land for the public use, the right to enter upon the land and take possession thereof may be exercised as soon as there has been a final determination to take the land and compensation has been paid *or secured* by being made a lawful claim upon the public treasury. Commissioners v. Henry, 38 Minn. 266, 36 N. W. 874.

In every form of procedure for appropriating land for the public use, there must be a point where the right of the condemner to abandon the proceeding is lost and the right of the landowner to compensation becomes vested. As a general rule the condemner cannot deprive the landowner of a vested right to compensation by abandoning the proceeding. The theory upon which his rule is based is that, upon final termination of the proceeding, the right of the condemner to take and hold the land and the right of the landowner to the money are correlative and coincident and vest simultaneously in the respective parties. Witt v. St. P. & N. P. R. Co. 35 Minn. 404, 29 N. W. 161; First Nat. Bank of Brattleboro v. West River R. Co. 49 Vt. 167; Bohannan v. City of Stamford, 80 Conn. 107, 67 Atl. 372; Elliott, Roads & St. (3 ed.) § 306. In the Matter of Rhinebeck & C. R. Co. 67 N. Y. 242, it was held that the test of the right to discontinue condemnation proceedings is whether they have progressed so far as to give mutual rights to the parties. If they have been carried to the point where the condemner has acquired a right to the land and the landowner a right to the compensation awarded, the condemner cannot recede. It is not necessary that the title to the land should have become vested in the condemner. It is sufficient if the right to acquire the land, on the payment of the award, is fixed and the duty of the condemner to pay is absolute.

Of course the rule is different where the statute authorizes an abandonment of the proceeding, Rowe v. City of Minneapolis, 135 Minn. 243, 160 N. W. 775, McRostie v. City of Owatonna, 152 Minn.

63, 188 N. W. 52, although, in the case last cited, it was said that when the proceeding has been completed and the time for abandonment ends, the title passes as of the time when the original award was filed, and the right to possession from then on is in the condemner and not in the original owner.

There is an intimation in City of Duluth v. Lindberg, 70 Minn. 132, 72 N. W. 967, that in all cases the condemner has a reasonable time after the assessment of damages in which to abandon the proceeding, but, even if it should be held that this is true, the result here would not be affected. Nearly 5 years intervened between the date of the establishment of the road and the award of damages and the date of the demand for payment. It is self-evident that this is more than a reasonable time for the county to decide whether the proceeding should be abandoned.

Order affirmed.

Mr. Justice Stone took no part.