STATE, BY WILLIAM S. ERVIN, ATTORNEY GENERAL,
v. ELSIE M. APPLETON AND OTHERS.[1]

October 25, 1940.

No. 32,542.

*Murphy, Johanson & Winter,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Arthur Christof-ferson,* Deputy Attorney General, *Charles E. Houston,* Spe-

[1]Reported in 294 N. W. 418.

cial Assistant Attorney General, and *F. J. McPartlin,* Special Counsel, for the State.

LORING, JUSTICE.

This is an appeal from an order denying a motion to vacate and annul the petitioner's dismissal of a condemnation proceeding and from the ensuing judgment of dismissal.

Petition for condemnation, based on a width order signed by the commissioner of highways, was filed in the district court by the state in September, 1938, for the purpose of acquiring additional right of way for trunk highway No. 19. Before the matter came on for hearing for appointment of appraisers to determine the amount of damages, the state, through its succeeding attorney general, filed a dismissal of the condemnation proceedings. Appellant then filed a petition to compel the continuance of the proceedings and to set aside the dismissal. The state demurred and filed its answer. Upon the hearing the petition was denied, and the court thereafter entered judgment of dismissal.

In 1934 the original condemnation proceedings were begun for the construction and rerouting of trunk highway No. 19. Appellant was not named in that petition, and her land was not taken. Later she was permitted to intervene and to have her damages assessed which were caused by the relocation of the highway. She was awarded $3,000, in which amount a warrant was issued and paid or tendered to her. The next year the highway commissioner entered into a contract with appellant by the terms of which the state was to pay her $8,000 for her land. Before the warrants were paid an injunction issued out of the district court, and the contract was set aside. The decision setting aside the attempted sale was affirmed by this court on appeal in State, by Peterson, v. Werder, 200 Minn. 148, 273 N. W. 714.

In 1938 the highway commissioner made a "width order" designating appellant's property as part of the highway. No other land was included in the order. The order was certified to the county auditor, and thereafter, on September 29, 1938, the state instituted condemnation proceedings to acquire appellant's property. No court hearing had been had to appoint appraisers when, in March of the following year, the condemnation proceedings were dismissed by the present attorney general. It is conceded that the state has not entered upon or taken possession of the land.

■ The question presented by this appeal is whether or not the state had the right to abandon and discontinue the proceedings, at the time it undertook to do so, without the consent of the property owner. We think the question presents little difficulty if we bear in mind the character of the proceeding. The exercise of the right of eminent domain and the instituting of condemnation proceedings in furtherance of that right are legislative functions of government. The only questions which are judicial are the public use and the adequacy of compensation. Both the majority of this court and the dissenters in State, by Benson, v. Erickson, 185 Minn. 60, 68, 239 N. W. 908, recognized that rule as the law. Such being the case, the officers discharging legislative functions properly delegated to them have control of the proceedings while they remain legislative in character.

The general rule, in the absence of statute, is that discontinuance of condemnation proceedings may be had at any time before the rights of parties have become reciprocally vested, as determined by the time when the property owner has a right to payment of the award and the state has the right to take and hold the premises. Witt v. St. P. & N. P. Ry. Co. 35 Minn. 404, 29 N. W. 161. See note in 121 A. L. R. 12, 16; 20 C. J. p. 1079. These rights are correlative and coincident and vest simultaneously in the respective parties. County of Blue Earth v.

Williams, 196 Minn. 501, 506, 265 N. W. 329; State ex rel. McFarland v. Erskine, 165 Minn. 303, 307, 206 N. W. 447; State v. Patten, 209 Ind. 482, 199 N. E. 577; Speer v. Monongahela R. Co. 255 Pa. 211, 99 A. 810, and cases cited, Morris v. Wisconsin M. R. Co. 82 Wis. 541, 52 N. W. 758. Obviously, where possession has not been taken, there is no vested right to payment of the award, at least until appraisers have been appointed and have acted and their award has become final. 2 Nichols, Eminent Domain (2 ed.) § 417. 2 Lewis, Eminent Domain (3 ed.) §§ 955, 956, says:

"The weight of authority undoubtedly is that, in the absence of statutory provisions on the question, the effect of proceedings for condemnation is simply to fix the price at which the party condemning can take the property sought, and that even after confirmation or judgment the purpose of taking the property may be abandoned without incurring any liability to pay the damages awarded."

The provisions of 2 Mason Minn. St. 1927, § 6552, as to costs and interest, tend to indicate that there is no right vested in the landowner for money damages, and no title vested in the state, at least until after the appraisers have made an award. Certainly this is the case where the state has not elected to enter and take possession.

Notable among those jurisdictions not adhering to the general rule are New York and Michigan. However, their present statutes provide that service of the notice in the proceedings shall be conclusive evidence of entry and appropriation of the quantity and boundaries of the property appropriated and that the right to compensation becomes fixed at the time of the service. Under such statutes, there would, of course, be no right of abandonment, for the landowner's right to payment of damages has vested upon the mere serving of the notice. See Kahlen v. State,

223 N. Y. 383, 119 N. E. 883, and In re State Highway Commr. 252 Mich. 116, 233 N. W. 172.

A number of courts allow the state or other petitioner to dismiss at any time up until the award of damages has been made and the state has had a reasonable time within which to determine whether to accept or reject the land at the price fixed. Mr. Justice Vanderburgh suggested in Commissioners of State Park v. Henry, 38 Minn. 266, 268, 36 N. W. 874, that such should be the rule. However, it is not necessary to decide that question here.

■ The appellant contends that the filing of the width order amounted to a taking of her property. We have held that the mere filing of the commissioner's order designating the route of a highway does not amount to a taking of the land over which the route extends. It is merely the preliminary step which establishes public authority and is the legislative determination of the necessity of the acquisition. State, by Benson, v. Erickson, 185 Minn. 60, 239 N. W. 908. That case was later overruled on its holding that persons not included in the state's petition could intervene, by State, by Benson, v. Stanley, 188 Minn. 390, 395, 247 N. W. 509. However, except insofar as it has been overruled, it still is the law. It is the filing of the petition in condemnation, not the filing of the commissioner's order, that authorizes the state at its option to enter upon and take possession of the land sought to be condemned.

■ Because 2 Mason Minn. St. 1927, § 6557-1(e), provides that the commissioner of highways may, at any time after the filing of a petition for the condemnation of land for a trunk highway, take possession of such land, the appellant contends that the state is bound to pay any award that may subsequently be made and may not abandon the proceedings after the filing of the petition. It is our opinion that this provision was put into the law to prevent delay by litigation in the event the state desired

to proceed immediately to the construction of the highway. In effect, it took the place of the provision in § 6549 which permitted a petitioner to proceed with a proposed improvement if it gave a bond conditioned for the payment of all damages finally awarded. It has no effect on the rights of the parties where possession is not taken. City of Minneapolis v. Wilken, 30 Minn. 145, 15 N. W. 668, 669. In that case the question of the time from which interest should be figured on damages awarded in condemnation proceedings, under Sp. L. 1881, c. 76, was before the court. Under that special law, which was the city charter of Minneapolis, the city might not take possession of property involved in condemnation proceedings until final determination and payment of the award. Notwithstanding this, the court held that interest must be awarded from the time of the first award of the commissioners, as in like proceedings by railway corporations for the acquisition of right of way where the railway company, by giving a bond, might take possession immediately upon the filing of the petition. The court says [30 Minn. 148]:

"We fail to see how the right to take possession during the appeal, if not exercised, is material. The only effect of the existence of this right is, at most, to render the duration of the landowner's possession more uncertain. The decisions of this court already referred to were not put upon this provision of the charters, nor upon the theory that the title to the land passed to the corporation at the time of filing the award, for, as a matter of fact, it did not."

In Witt v. St. P. & N. P. Ry. Co. 35 Minn. 404, 29 N. W. 161, the question here before us was decided, and it was held that prior to the entry of the judgment provided by G. S. 1878, c. 34, § 26, the railway company might discontinue and abandon the condemnation proceedings even where it had actually entered into possession

under such proceedings; but to render such discontinuance effectual it must surrender and abandon the possession of the premises. In that case Justices Mitchell and Dickinson filed a special concurrence in which they took the position that the right to abandon the proceedings was lost where the company had taken possession of the property and appropriated it to the purpose of its railway.

In the case at bar we are not confronted with a situation like that in Witt v. St. P. & N. P. Ry. Co. *supra,* since there has been no taking of possession or appropriation of the property to the purposes of the highway. Under those conditions, the state had the right in the exercise of its legislative function to abandon and discontinue the condemnation proceeding, and it did not lie within the discretion of the trial court to refuse to dismiss it.

In State ex rel. McFarland v. Erskine, 165 Minn. 303, 206 N. W. 447, much relied upon by appellant, the county road had been petitioned for, damages for the easement awarded, the road established by order of the county board, and five years had elapsed thereafter without any attempt by the county to abandon the proceedings. This court held as a matter of law that this was an unreasonably long time for the county to exercise a right of abandonment even if it had such a right, which apparently was not decided.

In fairness to the landowner, if it has not been done, the highway commissioner, upon such a dismissal, should cancel and revoke the width order.

The order and judgment appealed from are affirmed.

MR. JUSTICE PETERSON took no part.