STATE, BY MILES LORD, ATTORNEY GENERAL, v. MYHRA G. M. C. TRUCK & EQUIPMENT COMPANY, INC., AND OTHERS. STATE, BY MILES LORD, ATTORNEY GENERAL, v. EDGAR C. HAIGHT AND OTHERS.

93 N. W. (2d) 204.

November 28, 1958—Nos. 37,536, 37,537, 37,576.

---

18

 

*Miles Lord,* Attorney General, and *John R. Murphy,* Assistant Attorney General, for appellant.

*Steining, Olson & Thysell, G. L. Dosland,* and *Dosland & Dosland,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal by the state from an order which vacated, set aside, and annulled a dismissal filed by the state as to certain parcels of land involved in a condemnation proceeding which it initiated on September 30, 1957. The proceeding was instituted for the purpose of enlarging the campus of Moorhead State College situated in Clay County.

Pursuant to a court order of November 12, 1957, commissioners filed their report on November 26, 1957, appraising the value of the land condemned. On January 10, 1958, *subsequent* to the expiration of time for appeal from the commissioners' report to the district court,[1] the state served and filed its dismissal as to various parcels. Thereafter the owners of such parcels moved for an order vacating said dismissal, which order was granted. It has been stipulated by the parties that the record be prepared only as to parcel No. 1 and that the decision of this court shall determine the rights of the parties as to all other parcels dismissed in the condemnation proceedings.

The sole question raised on appeal is whether the state may dismiss its own condemnation proceedings as to certain parcels after the expiration of the time for appeal from the commissioners' report.

In this state it was established early that a condemnor could abandon

---

[1] M. S. A. 117.20, subd. 4, reads:

"At any time within 40 days from the date of the filing of the report, any party to the proceeding may appeal from any award of damages embraced in the report, or from any omission to award damages, by filing with the clerk a notice of such appeal; which shall specify the particular award or failure to award appealed from, the nature and amount of the claim, the land to which it relates, and the grounds of the appeal; and upon appeal the prevailing party shall recover costs and disbursements."

the condemnation proceedings prior to a judgment. This was so because the correlative rights of a condemnor to possession under the proceedings and of the landowners to recover the amount assessed are not fixed until entry of the judgment. Witt v. St. Paul & N. P. Ry. Co. 35 Minn. 404, 29 N. W. 161; see, Annotation, 121 A. L. R. 12, 31, 44. This rule has been restated by this court in State, by Ervin, v. Appleton, 208 Minn. 436, 294 N. W. 418, which the state cites as controlling. There the issue presented was whether the state in a condemnation proceeding had the authority to dismiss without the consent of the owner prior to the time that appraisers were appointed by the court pursuant to the condemnation petition. This court cited Witt v. St. Paul & N. P. Ry. Co. *supra,* for the general proposition that in the absence of statute a condemnor could discontinue the proceedings at any time before the rights of the parties had been reciprocally vested. The rights became reciprocally vested at the time the property owner had a right to payment and the condemnor had a right to take and hold the premises. The court further stated that there was no vested right to payment on behalf of the owner (208 Minn. 439, 294 N. W. 420) "at least until appraisers have been appointed and have acted and their award has become final."

Clearly then the right to dismiss is contingent upon the finality of the commissioners' award. In the absence of appeal by either party the commissioners' award becomes final and possesses the same force and effect as a judgment when the time for appeal has expired. State ex rel. McFarland v. Erskine, 165 Minn. 303, 206 N. W. 447; Annotation, 121 A. L. R. 43.

It is necessary at this point to determine whether there are any statutes which control the time within which the state may dismiss condemnation proceedings. The state cites M. S. A. 117.16, which allows the landowners the option of dismissing the proceedings if the award has not been paid within 70 days after the commissioners' report has been filed if no appeal is taken, or within 70 days after a final judgment in the district court if an appeal is taken. It further provides that when the proceeding is so dismissed or discontinued by the condemnor the owner may recover reasonable costs, including attorney's fees.

The state contends that this statute affects the time at which the

rights of the respective parties become reciprocally vested. The state argues that, since the owner is able to dismiss, the state should be allowed the same right. It should be noted, however, that the expiration of 70 days without payment does not automatically result in a dismissal of the proceedings, but instead, the dismissal is left to the option of the owner. Prior to expiration of the 70 days, but subsequent to the expiration of the time for appeal or entry of judgment, the state's right to possession is not diminished. If the state fails or neglects to pay within the 70 days, it has then placed itself in the position that its rights to possession may be terminated if the owner decides to dismiss.

We do not consider that this statute indicates an intent on the part of the legislature to extend the time in which condemnation proceedings may be discontinued beyond the entry of judgment or the expiration of time to appeal. We therefore hold that upon expiration of the time to appeal from the commissioners' report filed in condemnation proceedings instituted by the state, or upon entry of judgment if an appeal is taken, the rights of the respective parties become vested and the state may not then dismiss the proceedings in whole or in part. This does not mean, however, that the right to dismiss cannot terminate before the expiration of the time to appeal or before entry of judgment where circumstances require it. See, Witt v. St. Paul & N. P. Ry. Co. *supra.*

Affirmed.