## INDEPENDENT SCHOOL DISTRICT NO. 273 v. ALFRED A. GROSS AND OTHERS.

190 N. W. (2d) 651.

August 27, 1971—No. 42719.

*Best, Flanagan, Lewis, Simonet & Bellows* and *Harold C. Evarts,* for appellant.

*Christian and Gross* and *Loren Gross,* for respondents Gross.

*Karlins, Grossman, Karlins, Siegel & Brill* and *J. E. Brill, Jr.,* for respondents Olsen.

MURPHY, JUSTICE.

Appeal from an order and judgment of the district court (1) vacating a partial dismissal of condemnation proceedings by appellant-condemnor, Independent School District No. 273 in so far as the dismissal affected certain property owned by respondents Alfred A. Gross, William J. Olsen, and Deborah S. Olsen; (2) denying the condemnor's motion to allocate the commissioners' award as to part of such property; and (3) adjudging that respondents were entitled to the amounts awarded by the commissioners for the taking of their property. The principal

issue presented relates to when title vests so as to deny the right of the condemnor to abandon condemnation proceedings.

Independent School District No. 273 is a municipal subdivision situated entirely within Hennepin County. It is authorized to acquire necessary sites for school purposes by Minn. St. 117.01 and 123.36, subd. 1. After proper petition, pursuant to § 117.05, commissioners were appointed to ascertain the damage sustained by the landowners. The commissioners made awards of $52,500 for a parcel belonging to respondents Olsen and two awards of $286,500 and $122,550 for tracts belonging to respondent Alfred Gross, together with an assessment of $300 for appraisal fees. The property owners filed appeals from the awards of damages.

After being informed of the amounts of these awards, the school board found it necessary to revise its plans. It appears that increasing inflationary pressures and the difficulty of securing voters' approval for financing needed expansion of school facilities caused the board to reconsider the feasibility of the original undertaking and to limit the taking to only a part of the property involved in the proceeding. The action to be taken by the board was discussed extensively at a special meeting on May 19, 1970, which was attended by the attorney for the school board as well as counsel for the property owners. Primarily due to the high cost of acquisition, it was recommended at that meeting that the proceedings against part of the subject property be dismissed, and a resolution was passed, saying that the acquisition of certain described parcels of land was "no longer necessary and in the public interest for use as a site for the construction and maintenance of a public school and other related uses, since the anticipated cost thereof may exceed any public benefit to be derived therefrom."

At a meeting held May 21, 1970, the school board's attorney announced his intention to file a partial dismissal of the condemnation proceedings. On the same day, the school district filed a dismissal as to part of the condemnation proceedings and presumably continued the proceedings as they related to a small

tract owned by respondent Alfred Gross, the separate value of which had not been determined. This document further directed the clerk of the district court to enter a partial dismissal and discontinuance of the proceedings. Respondents sought no order from the court following this action. It should be noted at this point that the document was filed within the time provided for taking an appeal. Subsequently, respondents Olsen and Gross dismissed their appeals, and on June 11 and 15, 1970, respectively, they moved that the court vacate the school district's dismissal and enter judgment in the amounts fixed by the commissioners' awards, with interest. The school district moved for an order confirming its partial dismissal of the condemnation proceedings. The board also requested the court to allocate the portion of an award, made for one of the parcels owned by respondent Alfred Gross, which was attributable to the small tract the board wished to retain in the proceedings or, as an alternative, to vacate that award and commit the matter again to the commissioners to make a new award for that tract. After hearing the trial court made its order setting aside the partial dismissal, granting judgment to the property owners in the amount of the awards, and denying the school district's motion for an order to allocate the award as to the tract it wished to take.

It may be said that, throughout the entire history of these proceedings, the property owners were aware of contingencies that might prevent the school authorities from bringing the proceedings to termination. As it became apparent that the school board's plans were necessarily tentative and that they might have to be abandoned, counsel for the property owners put the board on notice that, in the opinion of the owners, any abandonment would constitute bad faith and an arbitrary exercise of the power of eminent domain and that the owners certainly would seek to recover consequential damages if the condemnation proceedings were discontinued.

The trial court agreed with the property owners that, upon expiration of the time for appeal from the commissioners'

awards, the rights of the parties vested, rendering the purported dismissal fatally defective and meaningless. The court apparently took the view that the posture of the case was the same as if no appeals had been taken. The holding that failure to appeal from the commissioners' award vests the rights of the parties so that the property owner becomes entitled to the award is predicated on State, by Lord, v. Myhra G.M.C. Truck & Equipment Co. Inc. 254 Minn. 17, 93 N. W. (2d) 204, which holds, in effect, that, in the absence of an appeal by either party, the commissioners' award becomes final and possesses the same force and effect as a judgment when the time for appeal has expired. This decision, however, does not say that the condemnor does not have the right to dismiss at any time before the expiration of the time to appeal or, if an appeal is taken, before entry of judgment.

The trial court's determination that the dismissal was ineffectual is based upon its interpretation of Rule 41.01, Rules of Civil Procedure, which governs dismissal, and Rule 41.02, which provides for the procedures for dismissal pursuant to an order of the court.[1] It is conceded that Rule 41.01 provides in part that

---

[1] Rule 41.01, Rules of Civil Procedure, provides: "(1) Subject to the provisions of Rule 23.03 and of Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal not less than 10 days before the opening of the term of court at which the action is noted for trial or, in counties having continuous terms of court, not less than 10 days before the day on which the action is first set for trial, if a provisional remedy has not been allowed or a counterclaim made or other affirmative relief demanded in the answer, or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

"(2) Except as provided in paragraph (1) of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

"an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal not less than 10 days before the opening of the term * * *, or (b) by filing a stipulation of dismissal signed by all parties * * *." Rule 41.01 goes on to indicate, however, that the ex parte dismissal may not be permitted under circumstances where "a counterclaim [is] made or other affirmative relief demanded in the answer." The trial court's conclusion with respect to the inefficacy of the condemnor's partial dismissal and its denial of the petition to allocate the amount of the award attributable to the remainder of the subject property are based upon the assumption that the pending appeals by the property owners represented an affirmative claim for relief which prevented dismissal without an order of the court. In State, by Mattson, v. Goins, 286 Minn. 54, 174

---

If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

Rule 41.02, Rules of Civil Procedure, provides: "(1) The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

"(2) After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52.01.

"(3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this rule and any dismissal not provided for in this rule or in Rule 41.01, other than a dismissal for lack of jurisdiction, for forum non conveniens, or for failure to join a party indispensable under Rule 19, operates as an adjudication upon the merits."

N. W. (2d) 231, the state was the condemnor and appealed from awards made by the commissioners. Later, the state dismissed its appeals, pursuant to Rule 41.01, after the appeal period had expired. We there said that the state would be allowed to voluntarily dismiss its appeal pursuant to Rule 41.01 without consent of the landowners. We held that the state had a right to dismiss its appeal without notice in the absence of a showing that the property owner sought affirmative relief. The trial court agreed with the condemnees here that the pending appeals represented affirmative claims for relief, and, consequently, that there could be no dismissal or abandonment without stipulation or order of the court. He accordingly concluded that, since the dismissal was a nullity and the appeals had been dismissed, the rights of the parties vested by authority of State, by Lord, v. Myhra G.M.C. Truck & Equipment Co. Inc. *supra.*

■ It seems to us that the trial court's reliance upon Myhra and its interpretation of Rule 41.01, as applied to the facts and circumstances of this case, is unwarranted. As a consequence of the court's interpretation, substantial financial interests are affected by a narrow application of a procedural rule. Here, the school board is faced with an obligation to pay a large sum of money which it may not have for property which it now finds it does not want or cannot use. In the absence of manifest finality or flagrant or inexcusable circumstances, courts are loath to permit substantive rights to be lost by a procedural lapse. It is the court's duty under such circumstances to examine in full the context of the issue to the end that controversies be determined upon the merits and not upon procedural niceties. While it must be conceded that the procedures by which the condemnor sought to dismiss are not to be recommended, we must nevertheless be guided by the principle that rules of civil procedure are designed to effect the settlement of controversies upon their merits rather than to terminate actions by dismissal on technical grounds. To that end, Rule 41.01 should be construed liberally, if possible, to avoid depriving a litigant of his day in court. Burn-

stein v. Columbia Broadcasting System, Inc. (7 Cir.) 291 F. (2d) 8; Green v. Walsh (E. D. Wis.) 21 F. R. D. 15; Fierstein v. Piper Aircraft Corp. (D. Pa.) 79 F. Supp. 217; Finden v. Klaas, 268 Minn. 268, 128 N. W. (2d) 748; O'Kelley v. Alexander, 225 Ga. 32, 165 S. E. (2d) 648; Barber v. Turberville, 94 App. D. C. 335, 218 F. (2d) 34; Gravel v. Alaskan Village, Inc. (Alaska) 409 P. (2d) 983; Flaksa v. Little River Marine Const. Co. (5 Cir.) 389 F. (2d) 885.

In Love v. Anderson, 240 Minn. 312, 314, 61 N. W. (2d) 419, 421, we said:

"* * * The Rules of Civil Procedure provide that they shall be so construed as to secure the just, speedy, and inexpensive determination of every action. They reflect a well-considered policy to discourage technicalities and form. Courts construing similar federal rules have uniformly held that they should be liberally construed in the interests of justice."

See, Firoved v. General Motors Corp. 277 Minn. 278, 283, 152 N. W. (2d) 364, 368; Annotation, 5 A. L. R. Fed. 897, 900.

■ We direct our attention to that part of Rule 41.01 which permits dismissal without order of court, except where a counterclaim is made or "other affirmative relief" is demanded in the answer. We cannot agree with respondents that the filing of appeals from the commissioners' awards represents a claim of affirmative relief comprehended by the rule. The effect of these appeals was merely to transfer to the district court the issue of the reasonable value of the property involved in the condemnation proceedings. The appeals did not assert a new right independent of those proceedings. In Koerper v. St. Paul & N. P. Ry. Co. 40 Minn. 132, 134, 41 N. W. 656, we pointed out that "affirmative relief" is "that for which the defendant might maintain an action entirely independent of plaintiff's claim, and which he might proceed to establish and recover even if plaintiff abandoned his cause of action, or failed to establish it." Rhein v. Rhein, 244 Minn. 260, 262, 69 N. W. (2d) 657, 659; State, by Mattson, v. Goins, 286 Minn. 54, 58, 174 N. W. (2d) 231, 234.

■ It is difficult to identify within the category of well-understood legal pleadings the document by which the condemnor chose to abandon in part and continue in part the condemnation proceedings it had instituted. It is not clear how the condemnor proposed to complete the condemnation proceedings so as to conform with its revised objectives. But while the theory and thrust of the condemnor's operative pleadings are unclear as to detail, that fact does not necessarily make them meaningless. It is evident that the condemnor sought to abandon part of the proceedings and somehow to sustain the viability of the remaining part so as to achieve a determination of the reasonable value of the land it wanted. At any rate, it is sufficiently clear that, when the purported dismissal was filed, the time for appeal had not expired, the proceedings were still viable, and the rights of the parties had not vested. Subject to the express limitations contained therein, we find no authority interpreting Rule 41.01 to hold that a condemnor cannot abandon proceedings by ex parte dismissal before interests vest. We do not think that it can be reasonably argued that here there was a vesting of rights by use, occupancy, appropriation, judgment, or by operation of law, as in State, by Lord, v. Myhra G.M.C. Truck & Equipment Co. *supra.*

■ The authorities are not entirely clear in their treatment of the question of when title vests so as to deny the condemnor the right to abandon condemnation proceedings, and because the broad and general statements used apply to different fact situations, no attempt will be made to reconcile them here. Cf. County of Blue Earth v. Williams, 196 Minn. 501, 265 N. W. 329; State ex rel. McFarland v. Erskine, 165 Minn. 303, 206 N. W. 447; Witt v. St. Paul & N. P. Ry. Co. 35 Minn. 404, 29 N. W. 161; Wilcox v. St. Paul & N. P. Ry. Co. 35 Minn. 439, 29 N. W. 148. Many of our prior decisions relating to the abandonment of proceedings are of little benefit in the instant case since they were controlled by statutes or municipal ordinances which governed abandonment. In re Widening East Franklin Ave. 240 Minn. 32,

60 N. W. (2d) 23; Minneapolis & N. W. R. Co. v. Woodworth, 32 Minn. 452, 21 N. W. 476; City of Duluth v. Lindberg, 70 Minn. 132, 72 N. W. 967; Rowe v. City of Minneapolis, 135 Minn. 243, 160 N. W. 775. See, also, State Park Commrs. v. Henry, 38 Minn. 266, 270, 36 N. W. 874, 875; McRostie v. City of Owatonna, 152 Minn. 63, 66, 188 N. W. 52, 53; Barmel v. Minneapolis-St. Paul Sanitary Dist. 201 Minn. 622, 623, 277 N. W. 208, 209.

We think it may be fairly said that, in the absence of a situation as in Myhra, where there was a failure of either party to appeal or take some action to maintain the viability of the proceedings, discontinuance should be permitted at any time before the rights of the parties have become reciprocally vested—the time when the property owner has the right to payment of an award and the condemnor has the right to take and hold the premises. The rule of law, which we apply here, is expressed in Annotation, 121 A. L. R. 12, 31, as follows:

"In the absence of statutory provisions expressly regulating the stage at which the condemning party may dismiss or abandon condemnation proceedings, and where the acts authorizing such proceedings do not contemplate the passing of title before confirmation or judgment, it is generally held that the proceedings may be dismissed prior to confirmation or judgment, although there an award or verdict has been returned."

We are satisfied that the point in time when reciprocal rights vested had not arrived in this proceeding.

■ A further persuasive reason for holding as we do is that our statutes give to the property owner a right of action for damages which he may have sustained by reason of dismissal or abandonment of the condemnation proceedings. Minn. St. 117.16, so far as applicable here, provides:

"* * * When the proceeding is so dismissed or the same is discontinued by the petitioner the owner may recover from the pettioner reasonable costs and expenses including fees of counsel."

We are not called upon here to express a view as to what items of damage may be recovered under this statute. See, State, by Head, v. Paulson, 290 Minn. 371, 188 N. W. (2d) 424. We accordingly leave to the parties in another action the issue relating to the extent of the allowable damages which have been sustained by the property owners as a result of the board's action, and remand to the court below with directions to vacate the judgment and to permit appropriate proceedings to recommit the matter to the commissioners for ascertainment of just compensation for the taking of only that part of the property excepted from the dismissal.

Reversed and remanded without costs or disbursements.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.