STATE OF MINNESOTA, *ex rel.* George D. Perkins, *vs.* CITY of MINNEAPOLIS.

May 20, 1889.

Minneapolis—Laying Out Streets—Abandonment of Proceedings.—A resolution of the city council, pursuant to the charter, to abandon a proceeding for laying out a street in which damages had been awarded to the relator, *held* not qualified by a subsequent resolution, adopted at the same meeting, instituting proceedings anew for laying the same street over the same lands. The abandonment was effectual.

Appeal by defendant from a judgment of the district court for Hennepin county, where the cause was tried by *Lochren*, J., and a peremptory writ of *mandamus* allowed and issued.

*Robert D. Russell*, for appellant.

*Shaw & Cray*, for respondent.

DICKINSON, J.[1] This is a proceeding by *mandamus* to compel payment to the relator of damages which had been awarded to him in proceedings instituted by the city of Minneapolis to condemn the lands of the relator and of other persons for the purposes of a public street. The award of commissioners thus sought to be recovered had been confirmed by the district court, and the only ground upon which the resistance of the respondent in this *mandamus* proceeding rests

[1] Gilfillan, C. J., took no part in this decision.

is that the city had abandoned the proceeding for condemnation. The city charter gives to the city council "the right, at any time during the pendency" of such proceedings, "or at any time within ninety days after the final order of the court on any appeal from such proceedings, to abandon such proceedings whenever it shall deem it for the interest of the city to do so." Sp. Laws 1881, *c.* 76, *subc.* 10, § 7, amended by Sp. Laws 1885, *c.* 2, § 27. Within 90 days after the confirmation of the award by the court the city council passed a resolution, "that all proceedings heretofore had in the matter of [here this condemnation proceeding is described] be, and the same is hereby, abandoned." This resolution was approved by the mayor, and published in the official paper of the city. It is not contended on the part of the relator that this would not have been sufficient as a legal and effectual abandonment, if it had stood alone, unaffected by another resolution passed at the same meeting of the city council. This latter resolution was identical with the resolution by which the condemnation proceedings had been originally instituted. It was a resolution that the street (as originally contemplated) be laid out, and directing proceedings for that purpose. This was also approved and published, and the proceedings thus instituted have been carried on for the purpose of a condemnation *de novo*.

We are unable to sustain the position of the relator, upon which the court below placed its determination in his favor, that is, that the resolution instituting anew condemnation proceedings qualified the effect of the former resolution of abandonment. These resolutions were separate, and obviously were directed to the accomplishment of different results. The one must be regarded as having been adopted for the purpose of effecting an unqualified abandonment of the former proceedings, pursuant to the power expressly granted by the charter; the other must be regarded as an attempt to institute anew proceedings for the purpose of laying out the street, including the appropriation of lands, as though no such proceedings had ever been had. It being in effect conceded that the council had power to so abandon, and that the former resolution, unaffected by the latter, would have been legally effectual as an abandonment, that effect must, we think, be given to it. Whether the city council, after thus

availing itself of the charter right to abandon a proceeding which had been carried to a final determination, had the right to straightway commence anew to condemn the same lands for the same purpose, is a question which is not involved in this case. Whether they had that right or not, the legally-authorized abandonment was absolute and complete. The city relinquished all rights in respect to the relator's land which it might have acquired by the payment of the award; and the relator could not recover the damages, as for the taking of his land, embraced in the award. Judgment reversed, and peremptory writ of *mandamus* quashed.