## JOHN H. ROWE v. CITY OF MINNEAPOLIS.[2]

December 29, 1916.

Nos. 19,947—(102).

**Eminent domain — payment of award by city of Minneapolis.**

   1. Minneapolis city charter provides for the condemnation of land for certain · public purposes. There are also provisions in the general

---

[1] See modification of order in *per curiam* opinion.
[2] Reported in 160 N. W. 775.

statutes for the condemnation of land by cities. The provision of the general statutes that in case of entry at certain stages of a condemnation proceeding the city shall be bound absolutely to pay all damages awarded, is not applicable to proceedings taken under the Minneapolis charter.

**Same — abandonment by city council by resolution.**

2. In proceedings under the Minneapolis charter the city council may abandon the proceeding at any time during its pendency, after award as well as before. The abandonment may be effected by resolution of the council.

**Same — after possession taken.**

3. This right of abandonment exists though the city has taken possession pending the proceeding.

**Same.**

4. If the city were in possession before the proceeding was commenced, it is not required to surrender possession as a condition to abandonment of the proceeding.

**Same — award reported and abandonment ordered.**

5. A resolution of abandonment may be passed at the same meeting at which the award is reported to the city council.

**Same — grant of hearing to landowner.**

6. Such a resolution may be passed without according a hearing to the landowner.

Action in the district court for Hennepin county to recover $19,405.10 awarded to plaintiff in proceedings to condemn certain real estate belonging to him. The answer admitted the award of damages and alleged that defendant city council did not confirm the report of commissioners, and by resolution pursuant to Sp. Laws 1881, c. 76, subc. 10, § 7, abandoned the proceedings, which resolution was approved by the mayor and duly published in the official paper of the city. Plaintiff's motion for judgment on the pleadings was denied, Steele, J. Defendant's motion to strike out certain specified portions of the reply to the answer to the amended complaint was granted, Steele, J., and thereafter defendant's motion for judgment on the pleadings was granted, Hale, J. From the

judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Fred W. Reed,* for appellant.

*C. D. Gould,* City Attorney, and *R. S. Wiggin,* Assistant City Attorney, for respondent.

HALLAM, J.

This is an appeal by plaintiff from a judgment on the pleadings. The action was brought to recover the amount of an award made in condemnation proceedings instituted by the city of Minneapolis. There is but little conflict in the allegations of fact. The facts presented are in substance as follows:

Plaintiff owns part of Hall Island, in the Mississippi river. He also owns lots on the main land opposite. In 1905 the city took possession of the island for use in connection with its public baths. In February, 1915, the city commenced proceedings under chapter 10 of its charter to condemn the island and also plaintiff's property on the main land opposite, and upon the institution of that proceeding it took possession of the main land and made some improvements thereon. Commissioners were appointed and an award in the lump sum of $19,405.10 was made for taking plaintiff's part of the island and his property on the main land. After the award was reported to the city council, that body passed a resolution to abandon the proceedings, and thereupon discontinued the use and possession of the main land, but continued its use and occupation of the island as before. This action is brought to recover the amount of the award, and is predicated on the claim that the abandonment was without authority in law and of no effect.

1. Plaintiff contends that the general statutes of the state negative the right of the city to abandon the proceeding after an award is made. Chapter 10 of the city charter provides for the condemnation of land for certain public purposes. There are also provisions in the general statutes of the state for the condemnation of land by cities. G. S. 1913, §§ 1506, 1579. Plaintiff, when he asks the court to enforce the award, of necessity, asserts the validity of the proceeding in which the award was made. He cannot now urge that the charter provisions under which the proceedings were had are inapplicable or not in force.

The provisions of the general statutes, sections 1506 and 1579, provide that, in proceedings authorized by those sections, in case of entry and appropriation at certain stages of the proceeding, the city shall be bound absolutely to pay all damages awarded. It is clear that these provisions are applicable only to proceedings taken under the general statutes of the state, and not to proceedings taken under the city charter, and that they do not amend the city charter in any respect. These proceedings being under the city charter, plaintiff's rights are such, and such only, as the terms of the charter confer.

2. The charter gives to the city council the power to abandon a condemnation proceeding at any time during the pendency of the proceeding, "whenever it shall deem it for the interest of the city to do so." Minneapolis Charter, c. 10, § 7. This provision is a valid one. Commissioners of State Park v. Henry, 38 Minn. 266, 36 N. W. 874; State v. City of Minneapolis, 40 Minn. 483, 42 N. W. 355. The right of the city to abandon the proceeding continues at all times during the pendency of the proceeding, and undoubtedly exists after the making of the award and before its confirmation. In fact the chief use of the provision is to give the right to abandon after the award is made and after the expense of the proceeding has been made to appear. The abandonment may be effected by resolution of the council. State v. City of Minneapolis, 40 Minn. 483, 42 N. W. 355. Plaintiff complains that this gives the city an unfair advantage over the property owner, in that it may abandon one proceeding and then begin another merely for the purpose of obtaining the premises at a lower price. When all of the charter provisions are considered, we do not think the charter treats the property owner badly. It gives him the right to appeal and to have the final award reviewed by the court before his rights are foreclosed. Chapter 10, § 6. But, whatever opinion we might have on this point, there can be no doubt that the legislature had the power to give the city the right to at any time abandon a proceeding for condemnation of property for public use. It did give this privilege in unmistakable terms.

3. The right of the city to abandon the proceeding exists though the city has taken possession of the premises pending the proceeding. The charter makes no exception in any such case, and we cannot do so.

4. Plaintiff insists that the city could not, after the award was made,

abandon the proceeding without full surrender of all of the land of plaintiff which it occupied. It may be true that where the city takes possession during the pendency of the condemnation proceeding, it must give up such possession in order to effect an abandonment of the proceeding. See Witt v. St. Paul & N. P. Ry. Co. 35 Minn. 404, 29 N. W. 161. The taking and holding of possession is in a sense an election to stand upon the award. But where possession was taken before the condemnation proceeding was commenced, the situation is not the same. The taking is, in such case, not referable to the proceeding. The taking of possession before the proceeding was commenced was not an election as to any matters arising in proceedings subsequently commenced, nor is the continuance of possession such an election. The right to maintain ejectment is open to plaintiff, if the possession of the city is not agreeable to him. The city has given up possession of the tract which it entered under and by virtue of the condemnation proceeding. It is not required to do more as a condition to abandonment of the proceeding.

5. The contention is made that the city could not pass a resolution of abandonment at the same meeting at which the award was reported to the council, by reason of a provision of chapter 10, § 3, of the charter that the award when reported "shall lie over until the next regular meeting of the Council * * * at which or any subsequent time the City Council may act on such award and hear any objection made thereto, or may refer the matter to a committee to hear such objection and report thereon. The Council may confirm such award or annul the same, or send the same back to the same or a new Board of Commissioners." It is clear that this provision is not inconsistent with and does not modify the very plain provision of chapter 10, § 7, that the city council "shall have the right at any time during the pendency of any proceedings * * * to abandon all such proceedings whenever it shall deem it for the interest of the city to do so."

6. It is further contended that the provision in the section just quoted for the hearing of objections to the award, gives the property owner the right to be heard in support of the award before the proceeding can be abandoned. The statute does not so provide, nor can it be said to so intend.

Judgment affirmed.