CITY OF DETROIT v. EMPIRE DEVELOPMENT CO.

1. EMINENT DOMAIN—DISCONTINUANCE OF CONDEMNATION PROCEEDING—GOOD FAITH.
   Where city, before confirmation of verdict, discontinued condemnation proceeding for fee of land on which it purposed to erect buildings, when verdict showed cost to be prohibitive, and commenced new proceeding to condemn easement only for right of way below surface for water main, it cannot be said that city did not act in good faith and for best interests of its people.

2. SAME—SURRENDER OF POSSESSION AS RIGHT TO DISCONTINUANCE—STATUTES.
   Where city took possession before commencing condemnation proceeding under mistaken belief that it had acquired easement of right of way for water main by purchase from vendee in land contract, rule that city could not discontinue condemnation proceeding for fee and commence new proceeding for condemnation of easement only without surrendering possession and removing water main does not apply, since its possession was not acquired by reason of said condemnation proceeding (1 Comp. Laws 1929, § 3778).

3. SAME—SURRENDERING POSSESSION—EQUITY—PUBLIC WELFARE.
   Where city took possession of land and constructed water main far below surface at great cost under mistaken belief that it had acquired. easement therefor by purchase from vendee in land contract, and maintenance of said water main is necessary to health and safety of its people, it would be unjust and contrary to reason and good sense to compel city to remove said water main before bringing proceeding for condemnation of said easement.

Appeal from recorder's court of Detroit; Skillman (W. McKay), J. Submitted June 8, 1932. (Docket No. 42, Calendar No. 36,448.) Decided September 16, 1932.

Condemnation proceedings by City of Detroit, a municipal corporation, against Empire Development Company, a Michigan corporation, for a water board site and water main tunnel. From order denying motion to confirm verdict, defendant appeals. Affirmed.

*John Atkinson,* Assistant Corporation Counsel, for plaintiff.

*Dennis Boyle,* for defendant.

McDONALD, J. This is an appeal from a judgment of the recorder's court for the city of Detroit denying confirmation of the verdict in condemnation proceedings.

The defendant is the owner of the fee in two lots in the Dix Rouge subdivision in the city of Detroit. The lots are located on the south side of Dix avenue immediately west of a bridge over Rouge river. By proper proceedings the city sought to condemn the fee in one of these lots and a part of the other for a water board site and for the construction of a tunnel under the river to carry a water main. More than two years prior to the commencement of these proceedings, it had acquired by purchase an easement in the property from one Henry Silverman, who was buying it on land contract from the defendant. Subsequently Silverman defaulted, and the contract was foreclosed. But in the meantime the city proceeded with the construction of the tunnel and had completed it without the knowledge or consent of the defendant. About two years after its completion the defendant first learned of it. A demand for its removal was made at once. This demand was met by the city with a condemnation suit. On the trial the jury found the land was

needed for a necessary public improvement and awarded damages in the sum of $87,500. After the time to move for a new trial had elapsed the defendant filed a motion to confirm the verdict. In the meantime, without the consent of the defendant, the city discontinued the suit. For that reason the court denied the motion to confirm the verdict. The defendant filed objections to the discontinuance, on the ground that it was not in good faith and was not accompanied by a surrender of possession of the property. These objections were overruled, and defendant caused an appeal to be taken to this court.

When the suit was discontinued, the city determined that it was not necessary to condemn the fee to the property, and began a new suit for the condemnation of an easement. In this second suit the defendant was awarded $2,500 damages.

On this appeal the only question involved is the right of the city to discontinue the condemnation suit without surrendering possession of the property. The defendant recognizes the general right to discontinue before confirmation of the verdict, but insists that no such right exists unless accompanied by surrender of possession; that retaining possession is an election to be bound by the verdict; that the discontinuance must be in good faith and constitute an abandonment of the entire project; that these essential requirements to a valid discontinuance were not followed in this case, and that therefore the court erred in recognizing the discontinuance and in refusing to confirm the verdict.

On the question of good faith we would be inclined to agree with the defendant if the city, after discontinuing the suit, had reinstituted the same proceedings with the same purpose. Such action would justify the suspicion that it was taken to secure a more favorable verdict from another jury. The law

will not permit a party to commence condemnation proceedings, withdraw them when not satisfied with the award for damages, and again commence and again withdraw until a more favorable award is obtained. But that was not the purpose of the discontinuance in this case. The first suit was for condemnation of the fee pursuant to a plan to erect buildings on the land. The verdict of the jury on the question of damages showed the cost to be prohibitive. For that reason the original plan for acquiring the fee to the land was abandoned and a new suit was begun for the condemnation of a right of way only. In adopting this less expensive plan the city seems to have acted in good faith and for the best interests of its people.

In regard to the question raised by the defendant that the city lost its right to a discontinuance while retaining possession, it should be noted that our statute (1 Comp. Laws 1929, § 3763 *et seq.*) does not allow possession until after confirmation of the verdict and provision for the payment of the compensation awarded (1 Comp. Laws 1929, § 3778). It does not permit a discontinuance after confirmation, and provides no remedy for the owner if possession is taken contrary to its provisions. Where, as in this case, possession was taken wrongfully, not by virtue of the statute and not through condemnation suit, and retained after discontinuance, it would seem that owner's only remedy is in an action of ejectment. We agree with the defendant that a party may not use condemnation proceedings to obtain possession of land and discontinue suit without surrendering possession. This is because retaining possession is treated as an election to be bound by the verdict of the jury. But that rule is not applicable in this case, because here possession was not obtained through condemnation proceedings. It was

taken before proceedings were begun under the mistaken belief that the city had acquired a right of way from Mr. Silverman, the vendee in the land contract. In such a situation the following language of the court in *Rowe* v. *City of Minneapolis,* 135 Minn. 243 (160 N. W. 775), is applicable:

"It may be true that where the city takes possession during the pendency of the condemnation proceeding, it must give up such possession in order to effect an abandonment of the proceeding. See *Witt* v. *Railway Co.,* 35 Minn. 404 (29 N. W. 161). The taking and holding of possession is in a sense an election to stand upon the award. But where possession was taken before the condemnation proceeding was commenced, the situation is not the same. The taking is, in such case, not referable to the proceeding. The taking of possession before the proceeding was commenced was not an election as to any matters arising in proceedings subsequently commenced, nor, is the continuance of possession such an election. The right to maintain an ejectment is open to plaintiff, if the possession of the city is not agreeable to him."

Quite apart from the legal principles involved, it may be said that the city, acting in good faith but mistaken in its rights, entered on the defendant's land, and, far below the surface, constructed a tunnel for a water main at an expense of $70,000. It has been shown that its maintenance is of vital necessity to the health and safety of the people of Detroit. To compel the city to remove such a costly and necessary structure while pursuing a legal method to acquire the right of possession would be ridiculously unjust and contrary to all reason and good sense.

The judgment is affirmed, with costs to the city.

Clark, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.