*In re* WIDENING OF SOUTH DIX AVENUE.

CITY OF DETROIT *v.* EMPIRE DEVELOPMENT CO.

1. EMINENT DOMAIN—JUDGMENT—RES JUDICATA—FEE—EASEMENT—HIGHWAYS AND STREETS.
   Verdict of condemnation and assessment of damages, in proceeding to condemn fee of land for water board site, where case was discontinued before confirmation of award, is not *res judicata* of proceeding to condemn easement for street purposes in same property.

2. SAME—EASEMENT FOR STREET.
   City has right to condemn easement in property for street purposes.

3. SAME—NECESSITY—APPEAL AND ERROR.
   Question of necessity, properly declared by city in proceeding to condemn easement for street purposes, may not be re-examined by Supreme Court on appeal.

4. SAME—JURY DETERMINES ISSUES—JUDGE ACTS IN ADVISORY CAPACITY.
   Condemnation proceedings are inquisitorial in their nature, and constitutional tribunal for determination of issues is jury; judge, after jury is impaneled, acting in advisory capacity merely.

Appeal from recorder's court of Detroit; Jeffries (Edward J.), J. Submitted January 13, 1933. (Docket No. 42, Calendar No. 36,526.) Decided March 2, 1933.

Condemnation proceedings by city of Detroit, a municipal corporation, against Empire Development Company, a Michigan corporation, for an easement for street purposes. From verdict and judgment rendered, defendant appeals. Affirmed.

*John Atkinson,* Assistant Corporation Counsel (*Clarence E. Wilcox,* Corporation Counsel, of counsel), for plaintiff.

*Dennis Boyle,* for defendant.

POTTER, J. Petition by the city of Detroit to condemn an easement in property for street purposes. From a judgment of condemnation fixing damages of appellant at $2,557.75, it appeals. The site of the property is the same involved in *City of Detroit* v. *Empire Development Co.,* 259 Mich. 524. In that case petition was filed to condemn the fee of the land in question for a water board site. There was verdict of condemnation and damages assessed at $87,500. After verdict and before confirmation of the award, the city discontinued the case. It then commenced this case. It is claimed that case constitutes former adjudication. In *City of Detroit* v. *Empire Development Co.,* 259 Mich. 524, the city sought to take the fee of the land. In this case it seeks an easement only. The city of Detroit, at the time this proceeding was instituted, was in possession of the premises. It acquired possession under an agreement with a land contract purchaser, made improvements upon the premises, the land contract

purchaser defaulted, and was ousted, and this ouster carried with it plaintiff's rights. The city then began the condemnation case cited above. Defendant claims the second proceeding is unconstitutional. *City of Detroit* v. *Empire Development Co.,* 259 Mich. 524, holds the former proceedings were discontinued and these proceedings begun by plaintiff in good faith, and this therefore cannot be regarded as a second experimental suit to acquire the land at a less figure than the award in the former proceeding. The same issue is not involved that was involved in the former suit, and the verdict in that case, not having been confirmed, is no bar to the proceedings here involved. The city has a right to condemn an easement in property for street purposes. The question of necessity, properly declared by the city and determined by the jury, cannot here be re-examined. Condemnation proceedings are inquisitorial in their nature. The constitutional tribunal for the determination of the issues is the jury; the judge, after the jury is impaneled, acting in an advisory capacity. The trial judge in the course of the trial said:

"I want the jury to understand that they are the sole judges of the law and the facts. You are *it*. This is a constitutional jury under the Constitution of the State of Michigan, which provides for 12 men to make this inquiry, and you are the judges of the law. What I say to you is of no more importance than what anybody else says to you. If you think what I say is all right, why all right, and if you don't think so, that is all right, too, the same as anybody else."

In his formal charge to the jury, he said:

"What I am saying to you, of course, you are not bound to accept. I am not charging you. I am act-

ing in the same capacity as counsel here. If what I said to you appeals to you, you have a right to accept it or any part of it that appeals to you. If I have said anything that does not appeal to you, then you have the right to reject it. You are not at all bound by what I say any more than you are by what counsel say. You are the judges of the law and the facts in the case.''

We find no reversible error in the charge of the court or in the proceedings.

Judgment affirmed, with costs of this court to appellee.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.